Argued October 29, affirmed as modified November 26, 1971

STATE OF OREGON, *Respondent, v.* HERBERT
LEE BLAKE (No. C-60390), *Appellant.*
490 P2d 1026

*R. Dale Kneeland,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Defendant was convicted of assault and robbery while being armed with a dangerous weapon and rape. On appeal he contends that the trial court erred in: (1) denying the motion for a new trial because the jury verdict was not unanimous; (2) refusing to allow the alibi testimony of a witness not listed in his notice of alibi; and (3) modifying the judgment order outside of defendant's presence.

■■ Defendant's first contention is that the Sixth Amendment guarantees the right to a unanimous jury verdict in all cases. This has been decided contrary to defendant's contention in *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

Defendant filed a notice of alibi pursuant to ORS 135.875. The trial court refused to allow the testimony of an alibi witness whose name and address were not listed in the notice as required by ORS 135.875. Defendant did not attempt to establish that there was good cause for the trial judge to waive compliance with the notice requirement as permitted by the same statute.

■ On appeal defendant attacks the constitutionality of ORS 135.875. He claims that the statute deprives him of due process of law and his right to confront the witnesses against him if the statute does not grant him reciprocal discovery rights against the state. We do not reach this question. To raise this

question defendant must show that he has been prejudiced by the lack of reciprocal discovery rights. *State v. Wardius,* 6 Or App 391, 395, 487 P2d 1380, Sup Ct *review denied* (1971), *cert denied* 406 US 957 (1972). Such prejudice was neither shown nor claimed in this case.

■■ Defendant further asserts that the refusal to allow the testimony of one of his alibi witnesses deprived him of his right to compulsory process to obtain witnesses in his own behalf. This point was disposed of in *State v. Wardius,* supra at 398, which held that the challenged statute did not abridge defendant's right to compulsory process by requiring advance notification of the intention to rely on alibi witnesses and that such prospective witnesses be identified.

Finally the defendant contends that he is entitled to a new trial because the trial court erroneously modified the judgment against him outside of his presence, by making the two sentences consecutive. The basis for this claim is that the judgment[1] orally pronounced in defendant's presence was completely silent as to whether the sentences were to be served concurrently or consecutively, while the judgment

---

[1]
"It will be the judgment of this Court that upon the charge of armed robbery, the defendant will be sentenced to the custody of the Oregon Corrections Division for an indeterminate term, the maximum of which shall not exceed fifteen years.

"The prior order of the other Court has determined that his other sentence will run concurrent with this sentence, and I have no jurisdiction over that order.

"With reference to the conviction on the charge of rape, it will be the judgment of the Court that the defendant be sentenced to the custody of the Oregon Corrections Division for an indeterminate term, the maximum of which shall not exceed ten years."

entered in the journal provided that the sentences were to be served consecutively.

■■ Initially we must determine the legal effect of the oral judgment. It is a well-settled rule that unless it is clear from the judgment that the sentences are to be served consecutively, they are to be construed as concurrent. 21 Am Jur 2d 526, Criminal Law § 551 (1965); Annotation, 70 ALR 1511 (1931). As the only alleged deficiency in the oral judgment was its failure to specify how the sentences were to be served, we conclude that it was a valid judgment and that the sentences given on the charges of armed robbery and rape were to be served concurrently.

■ We next consider the effect of the subsequent journal entry requiring that the sentences be served consecutively. A modification of the judgment providing that the sentences would be served consecutively, rather than concurrently, would be a substantive change in the sentence. Such a change must be accomplished in defendant's presence or it may be invalidated. The subsequent journal entry here was an ineffective method of modifying or revising the sentence. In Oregon the oral pronouncement from the bench is the judgment. *Daugharty v. Gladden,* 217 Or 567, 576-78, 341 P2d 1069 (1959); *Long v. Minto,* 81 Or 281, 286, 158 P 805 (1916). The entry of the judgment in the journal is a ministerial act recording the judgment previously rendered and as such must necessarily conform to the oral judgment. In any event, the subsequent journal entry here does not constitute grounds for granting defendant a new trial.

We, therefore, affirm the judgment of the trial court with instructions that the journal entry of the judgment be corrected to provide that the sentences

are to be served concurrently as required by the oral judgment.

Affirmed as modified.