Argued and submitted July 21, 1995, portion of judgment vacated; otherwise affirmed March 27, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT EDWARD PERRY,
*Appellant.*

(94CR167; CA A86111)

914 P2d 29

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant pled guilty to burglary in the second degree, ORS 164.215, and fleeing or attempting to elude a police officer, ORS 811.540. He appeals from the judgment on his burglary conviction, seeking modification of his sentence. ORS 138.053; ORS 138.050. We vacate that portion of the judgment making that sentence consecutive to all other incarceration terms imposed.

At the sentencing proceeding, the trial court determined that defendant's burglary conviction fell within grid-block 2-E, which provides for a presumptive term of 18 months probation and a maximum of 30 days in jail. However, the trial court imposed an upward dispositional departure sentence of six months imprisonment based on defendant's persistent involvement in similar offenses and his inability to successfully complete probation. The trial court also imposed a 45-day jail term on the attempting to elude conviction. The court did not state at the time of sentencing whether the sentences were to be concurrent or consecutive. At the conclusion of the proceeding, defendant was remanded to the Curry County jail to serve the 45-day jail term imposed.[1]

Following the sentencing proceeding, the district attorney prepared two separate written judgments[2] and the trial court signed the judgments on September 20, 1994, 13 days after the sentencing proceeding.[3] The first judgment was for the burglary conviction and remanded defendant to the custody of the Oregon State Corrections Division for a period of six months. It also stated: "This sentence is CONSECUTIVE to all other incarceration terms imposed." The second judgment was for the attempting to elude conviction

---

[1] At the time of the sentencing proceeding, defendant was serving time in Eastern Oregon Correctional Institution for a prior burglary conviction.

[2] The written judgments bear the language "Judgment Order of Conviction." The use of the phrase "judgment order" is inherently contradictory and should not be used to dispose of a case requiring a judgment. *State v. McDonnell*, 306 Or 579, 585 n 5, 761 P2d 921 (1988).

[3] On September 8, 1994, defendant filed a notice of objection to the form of the judgment on the burglary conviction, because during sentencing the trial court did not indicate that the sentence was consecutive.

and remanded defendant to the custody of the sheriff of Curry County for a period of 45 days.

Defendant assigns error to the trial court's written judgment on the burglary conviction that made the six-month prison sentence consecutive to his other sentences. He argues that the trial court lacked the authority to subsequently modify the sentence that had been orally imposed. We review for errors of law. ORS 138.222(4)(a).

Defendant relies on *State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983), for the proposition that once a sentence is "executed," the trial court loses its authority to modify the sentence. In *O'Leary*, the defendant was sentenced to a five-year prison term. After beginning to serve his sentence, he filed an appeal and was released upon posting bail pursuant to ORS 138.135(1). Following exhaustion of his appeal rights, the defendant moved for reconsideration of his sentence in circuit court. The trial court allowed a hearing on the matter, and, finding that the defendant had rehabilitated himself, suspended execution of the defendant's sentence and placed him on probation for five years. The state petitioned the Supreme Court for an alternative writ of mandamus to compel the trial court to vacate the order of probation and to order that the remainder of the sentence originally imposed be executed.

The Supreme Court granted the writ of mandamus, explaining:

> "The starting point for our analysis is a recognition that under a well established majority common law rule which was followed in Oregon before ORS 137.010(4) was enacted, a trial judge's power to modify or vacate a valid sentence ends once the sentence has been executed. The crucial term here is 'execution of sentence.' Under the common law rule, *execution of sentence means putting the sentence into effect. State v. Cannon,* [11 Or 312, 2 P 191 (1884)]." 295 Or at 636 (citations omitted; emphasis supplied).

The Supreme Court concluded that under *former* ORS 137.010(4),[4] the trial court's authority to modify a sentence

---

[4] *Former* ORS 137.010(4) (since amended and renumbered ORS 137.010(6) by Or Laws 1989, ch 849, § 1) provided:

ends once the defendant has been placed in the custody of the Corrections Division pursuant to a valid sentence without taking an appeal and electing a stay of execution of sentence. *Id.* at 634. The court held that the defendant in *O'Leary* was surrendered to the Corrections Division under a lawful sentence before he appealed and elected a stay and that, therefore, the trial court was without authority to modify the sentence and impose probation. *Id.*

Defendant also relies on *State v. Cannon*, 11 Or 312, 2 P 191 (1884). In *Cannon*, the Supreme Court considered whether a court could revise a judgment, and increase the sentence imposed, after the original judgment had gone into effect. In *Cannon*, the court entered a judgment against the defendant requiring that he pay a fine of fifty dollars and expenses and that he be committed to the custody of the sheriff until the fine was paid. The defendant was taken into custody and committed to the county jail but, later that same day, on order of the court, the defendant was returned to the court and resentenced to " 'a fine of two hundred dollars, and the costs and expenses of the action, and that he stand committed until said fine be paid.' " *Id.* at 313. The court concluded that this was improper, explaining:

> "Where a sentence had been passed upon a defendant and the *judgment has gone into effect by commitment of the defendant under it,* the court has done all that it had the legal power to do under the proceedings in that case. We are therefore of the opinion that the last judgment was illegally imposed, and can not be enforced, but that the first was legal and should be executed." *Id.* at 314 (citations omitted; emphasis supplied).

■■ Based on the above case law, a trial court lacks the authority to modify a sentence once the defendant has started serving the sentence which is later modified. *See also State v. Nelson*, 246 Or 321, 324, 424 P2d 223, *cert den* 389 US 964 (1967). It is clear from the record in this case that, following the sentencing proceeding, defendant was sent to the county jail for the purpose of serving his 45-day jail term. The

---

"The power of the judge of any court to suspend execution of sentence or to grant probation to any person convicted of a crime shall continue until the person is delivered to the custody of the Corrections Division."

state argues, however, that delivery of defendant to the jail did not constitute execution of the prison sentence, because the sentences were imposed in separate judgments and defendant had not been delivered to the Corrections Division to begin to serve his prison sentence. Thus, the state reasons, the trial court still had the authority to subsequently modify the prison sentence. We disagree.

ORS 137.370(5)[5] provides:

> "*Unless the court expressly orders otherwise, a term of imprisonment shall be concurrent with that portion of any sentence previously imposed that remains unexpired at the time the court imposes sentence.* This subsection applies regardless of whether the earlier sentence was imposed by the same or any other court, and regardless of whether the earlier sentence is being or is to be served in the same penal institution or under the same correctional authority as will be the later sentence."[6] (Emphasis supplied.)

In this case, at the time that the trial court orally imposed the sentences, it did not expressly order that defendant's sentences be served consecutively. Accordingly, when defendant was incarcerated in the county jail before the issuance of the trial court's written judgment that made the prison sentence consecutive, the sentences were concurrent and both were "put into effect" when he began his term in the county jail. Therefore, the trial court lacked authority to subsequently modify the prison sentence.

Portion of judgment making prison sentence consecutive vacated; otherwise affirmed.

---

[5] *Former* ORS 137.370(4) was renumbered ORS 137.370(5) by Or Laws 1995, ch 657, § 20.

[6] *See also* ORS 137.390 (providing that the commencement, term and termination of a sentence of imprisonment in the county jail is to be ascertained by the rules prescribed in ORS 137.370). Oregon Laws 1993, chapter 802, section 4, provides, in part: "a judgment of imprisonment in the county jail shall be executed by confinement in the jail of the county where the judgment is given."