Argued and submitted October 13, reversed and remanded with instructions on appeal; affirmed on cross-appeal December 3, 1997

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

TERI LOUISE HAMLIN,
*Respondent - Cross-Appellant.*

(94CR1251FE; CA A94624)

950 P2d 336

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant - cross-respondent. With him

on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Kenneth A. Morrow argued the cause for respondent - cross-appellant. With him on the briefs was Morrow, Monks & Sharp, P.C.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

DE MUNIZ, P. J.

---

* Deits, C. J., *vice* Richardson, S. J.

## DE MUNIZ, P. J.

The state appeals an amended judgment imposing sentences on defendant's convictions for the felony offenses of unlawful manufacture, delivery, and possession of the controlled substance marijuana (MCS, DCS and PCS), ORS 475.992(1)(a), (2)(a) and (4)(a), and the misdemeanor offense of endangering the welfare of a minor, ORS 163.575(1)(b). Defendant cross-appeals the denial of her motion to suppress. We reverse on appeal and affirm on cross-appeal.

Defendant was found guilty after a trial to the court. At the original sentencing on July 3, 1996, the sentencing court imposed concurrent presumptive 18-month prison sentences on the MCS and DCS convictions.[1] On the conviction for PCS, defendant was placed on probation to the Corrections Division for a period of 36 months with a 30-day jail term, the jail term to be served concurrently with the MCS sentence. On the PCS conviction, the form judgment had an "x" in the box for "Defendant to report immediately to Adult Parole & Probation Dept." Incarceration was to begin on August 1, which was 30 days from the sentencing.

The written judgment was entered on July 3. On the same day, defendant filed a "Motion to Reconsider" challenging the enhancing factor of "substantial quantity" on the ground that there was no evidence of "substantial quantity." The state responded that the evidence supported the enhancing factor and also argued that there was no legal authority for a motion to reconsider. On July 15, defendant filed a notice of appeal, and the state moved to dismiss defendant's motion to reconsider on the ground that the circuit court had lost jurisdiction. Defendant then moved to dismiss her appeal "without prejudice," and this court dismissed the appeal.

On July 29, the sentencing court reconsidered defendant's sentences and entered the amended judgment from which the state appeals. The court sentenced defendant to concurrent terms of three years' probation on the convictions of MCS, DCS and PCS, with 90-days incarceration in the

---

[1] The court imposed a 30-day jail term on the misdemeanor conviction of endangering the welfare of a minor.

county jail.[2] The state assigns error to the court's vacating the original prison sentences imposed on the MCS and DCS convictions and imposing probationary sentences on those convictions.

■        The state's first argument is that the sentencing court lacked authority to resentence defendant. It contends that the only post-judgment motions authorized by the criminal code are a motion in arrest of judgment, ORS 136.500, and a motion for a new trial, ORS 136.535. The state argues that, because a motion to reconsider does not come within those statutes, the sentencing court lacked statutory authority to modify the judgment.

■        However, the rule in Oregon is otherwise. In *State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983), the defendant filed a motion for reconsideration of his sentence two years after his sentence had been imposed. The state sought a writ of mandamus after the trial court resentenced the defendant. The Supreme Court recognized that there was "no statute authorizing a motion and hearing" for the purpose of reconsidering a defendant's sentence. *Id.* at 635. Nonetheless, the court considered the defendant's new sentence under the "well established majority common law rule" that a trial judge has the power to modify or vacate a valid sentence before the sentence has been executed. *Id.* at 636. Under that rule, the court held that the trial court was without authority to modify the defendant's sentence because it had already been executed. Here, the sentencing court had the power to reconsider defendant's sentence if the original sentence had not been executed.[3]

---

[2] A 30-day jail term on the misdemeanor conviction was to be served consecutively to the sentences on the other convictions.

[3] By the same token, the dismissal of defendant's appeal did not bar the sentencing court from acting on defendant's motion, as the state argues. The state contends that the order dismissing defendant's appeal "had the effect of affirming [the July 3] judgment," and, "after a judgment has been affirmed on appeal," the sentencing court did not have authority "to reconsider and to modify that judgment." The state cites ORS 19.111 as authority, which, before its amendment, Oregon Laws 1997, chapter 389, section 19, provided:

"Except as otherwise provided by statute or by decision of the appellate court, dismissal of an appeal shall operate as an affirmance of the judgment being appealed."

The state's position is that, because that version of ORS 19.111 was not, by its terms, limited to appeals in civil actions, it applies here. However, we do not decide

■    The issue before us, thus, is whether defendant's sentence had been executed before resentencing. Before the passage of the sentencing guidelines, probation was a release by the court before commencement of the sentence, either because the court suspended the imposition of a sentence or suspended the execution of a sentence after it was imposed. *State v. Ludwig*, 218 Or 483, 487, 344 P2d 764 (1959); *see also Anderson v. Alexander*, 191 Or 409, 424, 229 P2d 633, 230 P2d 770 (1951) ("When a court suspends the pronouncement of sentence, the judicial process has not been completed. It remains in a state of suspense[.]"). Under that system, execution of a sentence equated with the start of incarceration, and that understanding is incorporated in ORS 137.370(1).[4] *See Ludwig*, 218 Or at 487 ("ORS 137.370 provides that service of sentence begins when the prisoner is received at the penitentiary.").

The state acknowledges that defendant had not begun to serve the terms of incarceration imposed by the July 3 judgment before the resentencing.[5] It argues, however, that now a probationary sentence is a "sentence," *Holcomb v. Sunderland*, 321 Or 99, 104, 894 P2d 457 (1995), and begins on imposition of sentence unless otherwise ordered. *See, e.g., State v. Quackenbush*, 116 Or App 453, 455-56, 841 P2d 671 (1992). The sentences here were concurrent. *See* ORS 137.123(1) ("A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive

whether the statute applies in this proceeding or, if so, what "affirmance of the judgment" in these circumstances means. In *State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983), the defendant had exhausted his appeal rights before moving for reconsideration of his sentence, but the result of those appeals did not limit the inherent power of the judge to alter or vacate a sentence. That power ends, not by affirmance of an appeal, but when the sentence is executed. *See id.* at 636.

[4] Amendments to ORS 137.370(1) since *State v. Ludwig*, 218 Or 483, 344 P2d 764 (1959), have not changed the substance of the starting point for a term of confinement. ORS 137.370(1) provides:

"When a person is sentenced to imprisonment in the custody of the Department of Corrections, the term of confinement therein commences from the day the person is delivered to the custody of an officer of the Department of Corrections for the purpose of serving the sentence executed, regardless of whether the sentence is to be served in a state or federal institution."

[5] As noted above, that judgment made the 30-day jail term imposed as a condition of probation of the PCS conviction concurrent with the term of incarceration on the MCS conviction.

sentences."). Therefore, the state reasons, because the power of a trial judge to modify a sentence "ends once the convict has been placed in the custody of the Corrections Division pursuant to a valid sentence," *O'Leary*, 295 Or at 634, and because here defendant had started to serve a valid probationary sentence on the PCS conviction to the "Corrections Division of the State of Oregon," the sentencing court was without authority to modify the terms of imprisonment of the concurrent MCS and DCS judgments.

The state relies on *State v. Perry*, 140 Or App 18, 914 P2d 29 (1996), in which the sentencing court had imposed a sentence of six months' imprisonment on the defendant's conviction for burglary and a 45-day jail term on the defendant's conviction for attempting to elude. At the time of sentencing, the court did not state whether the sentences were to be concurrent or consecutive, and the defendant was immediately incarcerated on the attempting to elude conviction. When the written judgments were entered, the terms of imprisonment were consecutive. We noted that, under ORS 137.370(5), a term of imprisonment is concurrent "[un]less the court expressly orders otherwise"[6] and held:

> "In this case, at the time that the trial court orally imposed the sentences, it did not expressly order that defendant's sentences be served consecutively. Accordingly, when defendant was incarcerated in the county jail before the issuance of the trial court's written judgment that made the prison sentence consecutive, the sentences were concurrent and both were 'put into effect' when he began his term in the county jail. Therefore, the trial court lacked authority to subsequently modify the prison sentence." 140 Or App at 23.

■   Here, the sentence that defendant had begun to serve was not a term of incarceration but, rather, a probationary sentence that included a term of incarceration. Nonetheless, we agree with the state that the result is the

---

[6] ORS 137.370(5) provides, in part:

"Unless the court expressly orders otherwise, *a term of imprisonment shall be concurrent with that portion of any sentence previously imposed that remains unexpired* at the time the court imposes sentence." (Emphasis supplied.)

same as in *Perry*. With the passage of the sentencing guidelines, the nature of "probation" has changed. Probation is no longer the suspension of a sentence; probation *is* the sentence. *See* OAR 213-05-007(1) (if the offense is classified in a grid block below the dispositional line, the presumptive sentence shall be a term of probation that may include custody and condition of supervision or "straight jail"); OAR 213-05-008 (setting limits for presumptive duration of probation); *see also Holcomb*, 321 Or at 104 ("[I]t can no longer be said that probation is not a sentence or that probation is an alternative to a sentence. Presently, probation is a sentence."). Here, the original judgment ordered defendant to "report immediately to the Adult Parole & Probation Dept." Her probationary sentence had been "put into effect." The probationary sentence was concurrent to the other sentences, and, as in *Perry*, the result is that defendant's concurrent sentences had also been "put into effect." The sentencing court was without authority to modify the sentencing judgment.[7]

In defendant's cross-appeal, she assigns error to the denial of her motion to suppress, arguing that the affidavit in support of the search warrant did not establish that the informant's information was not "stale" and that the affidavit failed to set forth facts showing the unnamed informant's reliability. The state again argues that the dismissal of defendant's appeal affirmed the judgment, and, therefore, she cannot now claim that the judgment should be reversed. *See* 151 Or App at 484-85, n 3. We do not address that argument because we agree with the state's alternative argument

---

[7] In a memorandum of additional authorities filed after oral argument, defendant directed this court's attention to ORS 144.720, which provides:

"Nothing in ORS 144.005 to 144.025, 144.040, 144.050, 144.060, 144.075, 144.185, 144.226, 144.228, 144.260 to 144.380, 144.410 to 144.610, 144.620, 144.710 or this section shall be construed as impairing or restricting the power given by law to the judge of any court to suspend execution of any part of a sentence or to impose probation as part of a sentence to any person who is convicted of a crime before such person is committed to serve the sentence for the crime."

Without explanation, defendant asserts that the statute "seems to control the issue" of whether the court had authority to grant probation on the MCS and DCS convictions. That statute does not assist defendant. The statute recognizes the authority of the court over sentences *before* commitment.

on the merits that, viewing the affidavit as a whole in a common-sense, nontechnical manner, the court did not err in denying defendant's motion.

On appeal, reversed and remanded with instructions to vacate amended judgment; affirmed on cross-appeal.