Argued and submitted October 29, 1998, vacated in part; remanded for further proceedings February 3, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNY DANIEL DECAMP,
*Appellant.*

## (97CR-2635FE; CA A100643)

973 P2d 922

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Diane L. Alessi, Interim Public Defender.

James R. George, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

This is a criminal appeal in which defendant challenges a post-judgment order that lengthened his sentence on a failure to appear conviction from one to six months. We review for errors of law, ORS 138.220, and vacate the order and remand for further proceedings.

On December 3, 1997, defendant pleaded guilty to burglary in the first degree, ORS 164.225, and no contest to a charge of failure to appear in the first degree, ORS 162.205, both of which are felonies. The court convicted defendant on both counts and sentenced him to 21 months' incarceration for burglary[1] and one-month incarceration for failure to appear. The sentences were imposed consecutively, for a total term of 22 months.[2] Both judgments committed defendant to the legal and physical custody of the Oregon Department of Corrections (ODOC). On December 22, 1997, the court entered a post-judgment order lengthening defendant's failure to appear sentence to six months. Defendant argues on appeal that the trial court lacked authority to modify the sentence for two reasons: first, defendant's sentence on that conviction had already been executed, thus divesting the trial court of modification authority; second, even if the court could modify the judgment, the court lacked authority to do so without holding a hearing and having defendant present.

As a threshold matter, the state urges that defendant's claim of error is beyond our scope of review, relying on ORS 138.050. Upon a plea of guilty or no contest, ORS 138.050 limits appellate review to determining whether the sentence exceeds the maximum allowable by law or is cruel and unusual. The state, however, overlooks ORS 138.222(4)(a). That statute provides that in any appeal from a felony conviction, this court may review a claim that the court failed to comply with the requirements of law in imposing the sentence. Defendant's challenges are in that category and, therefore, are within the scope of what we may consider.

---

[1] The burglary sentence also included 36 months of post-prison supervision.

[2] In ordering the sentences to be served consecutively, each judgment cross-referenced the other using incorrect case numbers. On remand, the court should correct those errors.

*See State v. Perry,* 140 Or App 18, 21, 914 P2d 29 (1996) (reviewing, under ORS 138.222(4)(a), a claim that the trial court lacked authority to modify a sentence, even though the defendant pleaded guilty).

■ Next, the state argues that defendant failed to preserve his claims below. The state's argument is not well taken. The trial court entered the post-judgment order without holding a hearing and without having either the state or defendant present. As to defendant's claim that he had a right to be present, that right, if it attaches, must be waived to be foregone. In other words, a defendant is not required affirmatively to assert the right to be present to preserve it; rather, the state must demonstrate that defendant waived his right to be present before the trial court may proceed without the defendant's presence. *See generally State v. Harris,* 291 Or 179, 630 P2d 332 (1981); *State v. Kesch,* 150 Or App 288, 946 P2d 322 (1997). There is no basis for finding a waiver in this case.

As to defendant's claim that the court lacked modification authority because the judgment had been executed, the issue is whether defendant should be expected to "preserve" that claim when the court failed to hold a hearing on the modification and defendant was not present. We conclude that ordinary preservation requirements simply do not apply to that circumstance. A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted. Nor is there any obvious procedural vehicle—let alone one available to a defendant as a matter of right—by which defendant could have raised his objections after the court entered the post-judgment modification.[3]

---

[3] The state argues that because defendant did not ask the trial court to correct its "erroneous term of judgment" pursuant to ORS 138.083, we should decline to review defendant's claim of error. ORS 138.083 permits the parties to move to "correct arithmetic or clerical errors or to delete or modify any erroneous term in the judgment." As the state itself asserts, the term of six months is not itself erroneous, if entered with modification authority. ORS 138.083 would seem inapplicable. Even if it applies, however, we are unwilling to require a defendant under these circumstances to invoke an after-the-fact discretionary remedy of that kind as a way of preserving a challenge to the court's very authority to act.

Turning to the merits, we have no difficulty concluding that the trial court erred in entering the modification order without a hearing and without having defendant present. A defendant's right to be present when sentenced on a felony is both statutorily and constitutionally grounded. *Stacey v. State of Oregon*, 30 Or App 1075, 1079, 569 P2d 640 (1977); ORS 137.030. *See also DeAngelo v. Schiedler*, 306 Or 91, 94, 757 P2d 1355 (1988) (Oregon Constitution secures a defendant's right to be heard at sentencing). That right extends to sentence modification if the modification is "substantive" as opposed to "administrative." *Compare State v. Blake*, 7 Or App 307, 311, 490 P2d 1026 (1971) (ordering sentences to be served consecutively, rather than concurrently, is a substantive change), *with State v. Kliment*, 45 Or App 511, 514-15, 608 P2d 618 (1980) (correcting sentence to reflect that it will run consecutively with federal sentence, when by operation of law it must, is administrative change only). Here, the trial court's *sua sponte* increase in defendant's term of confinement on the failure to appear conviction was plainly substantive, and the state does not argue otherwise. Defendant therefore had a right to be present, and modifying his sentence without his presence or a valid waiver was error.

Furthermore, because of the nature of the error, we are unwilling to deem it harmless, as the state urges we should. To be sure, the trial court might have imposed the same sentence, notwithstanding defendant's presence. But defendant had no opportunity to exercise his right to be heard generally or to raise legal or other objections to the sentence, such as his challenge to the trial court's modification authority. Under those circumstances, the error cannot be said to be harmless. *See DeAngelo,* 306 Or at 98 (reversing and remanding to give defendant opportunity to be heard at sentencing, because meaningful opportunity to be heard might have influenced both sentencing judge and other officials, such as parole board).

The remaining question is one of remedy. If, as defendant further argues, the trial court lacked authority to modify the sentence, the trial court should reinstate the original judgment. Alternatively, if the trial court had that

authority, then the trial court may still exercise it, if it does so with defendant present.

A trial court's power to modify a sentence ends when that sentence has been "executed." *State ex rel O'Leary v. Jacobs*, 295 Or 632, 634-36, 669 P2d 1128 (1983) (interpreting *former* ORS 137.010(4), renumbered ORS 137.010(6) (1993)). "Execution," in turn, occurs when a defendant is delivered to the custody of the ODOC pursuant to a valid sentence. *Id.* at 636. The parties seem to agree on that much, but dispute whether the sentence on the failure to appear conviction was "executed" because they disagree on which of the two sentences was to be served consecutive to the other. The written judgments merely ordered the sentences to be consecutive to each other, without indicating which was to be served first. Because of that, defendant argues that the court must have intended ODOC to establish the order in which the sentences should be served, which in turns means that both sentences were executed upon defendant's delivery to ODOC's custody. The state counters that the trial court's oral ruling suggested, without explicitly stating, that the one-month sentence on the failure to appear conviction was to be served consecutive to the burglary sentence. The state also argues that the trial court's modification shows that the trial court believed that the failure to appear sentence was not yet executed, so we should construe the orders consistent with that arguably implicit understanding on the trial court's part.

The parties' debate on which of the two sentences runs consecutive to the other is beside the point. The fact that one sentence is to be served consecutive to another does not mean that the judgment imposing that sentence remains "unexecuted" until the earlier sentence has been fully served. To the contrary, Oregon's statutes provide for immediate execution of any sentence of incarceration. As soon as judgment is pronounced, the written judgment is to be entered "forthwith" into the register. ORS 137.170. A certified copy of the written judgment is similarly to be furnished "forthwith" to the officer charged with the duty to execute it. ORS 137.310(1). The defendant may immediately be arrested and

detained on the basis of that judgment, without further warrant or authority. ORS 137.310(1), (2). Implicit in that statutory scheme is that the officer charged with executing the judgment (*i.e.*, delivering a defendant to the specified custodial authority) does so as soon a practicable after receiving a copy of the judgment.[4] Once the judgment is executed—that is, once the defendant is delivered to the custodial authority —the officer performing that duty must return confirming documentation to the clerk; that documentation is annexed to the trial court file to certify the fact of the execution. ORS 137.440.

Nothing in the statutes regarding execution of sentence and delivery of a defendant to custody distinguishes between consecutive, concurrent, or singular sentences. Regardless of the consecutive or nonconsecutive nature of sentences in a judgment, the statutes require that a defendant sentenced to imprisonment be delivered to the physical and legal custody of the proper authority and they provide that, once so delivered, the judgment of conviction is considered "executed" and the sentencing term has commenced. *See* ORS 137.310 to ORS 137.370. The significance of imposing sentences concurrently or consecutively is the effect on how the total term of confinement is computed. *See* ORS 137.370. Said another way, the fact that a defendant is not receiving *credit* for time in custody on a particular sentence is a function of how to compute the total time that the defendant is to remain incarcerated; it does not follow that the defendant is not in custody on a judgment imposing the sentence and ordering delivery to ODOC's custody.[5]

---

[4] The statutes recognize the possibility that a defendant committed to ODOC's custody will first be delivered to another legal authority—*e.g.*, to serve a county jail sentence or to stand trial on other charges, perhaps in the same or another jurisdiction. *See* ORS 137.320(1), (2).

[5] Although the issue has been implicated in prior cases, we previously have not had occasion to resolve whether imposition of one sentence consecutive to another precludes "finality" of the second sentence until a defendant begins to receive credit for time served on that sentence. *See State v. Hamlin*, 151 Or App 481, 950 P2d 336 (1997), *rev den* 327 Or 173 (1998) (because defendant immediately began to serve probationary sentence, concurrent term of incarceration was also "executed" and court lost modification authority); *Perry*, 140 Or App at 23 (delivery of defendant to ODOC custody on concurrent sentences meant both judgments had been executed). We note that our resolution of the issue in this case avoids the anomalous consequences of concluding that a judgment imposing sentence, rather than one suspending imposition or execution, could be executable and executed for some purposes and not for others. Under such an approach, the judgment would provide

Thus, when, as here, a defendant is sentenced to ODOC's physical and legal custody, "execution" of the judgment occurs as soon as the defendant is physically delivered to ODOC. That is true regardless of whether the sentence is to be served consecutively to or concurrently with some other sentence also ordering defendant to ODOC's custody. Ordinarily, execution of the judgment would happen promptly after the judgment is entered. Our difficulty in this case is that, because the trial court did not hold a hearing and the issue of the court's modification authority was not, and reasonably could not have been, raised below, we lack any record to establish when defendant was delivered to ODOC's custody. Nor does the trial court file transmitted for appeal contain a copy of a return and we do not know whether a return was later annexed to the file.

Consequently, we remand to the trial court to make the necessary determination. If defendant was delivered to ODOC's legal and physical custody before the post-judgment order modifying the sentence was entered, the trial court should reinstate the prior judgment. If defendant had not then been delivered to ODOC's custody, the trial court may conduct an appropriate hearing, with defendant present or his presence properly waived, to consider whether to modify the sentence.

Post-judgment sentence modification order vacated; remanded for further proceedings.

---

authority to arrest, detain, and transport a defendant to ODOC's physical custody, but it nevertheless would remain open to wholesale modification for months or years afterwards merely because credit on that sentence is not earned until some other sentence is first completed.