Argued and submitted August 24, affirmed December 27, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## NICHOLAS EINARDI LEBECK,
*Respondent.*

(C94-10-37088; CA A102052)

17 P3d 504

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Tom Ryan argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

HASELTON, P. J.

---

* Wollheim, J., *vice* Warren, S. J.

## HASELTON, P. J.

The state appeals an amended judgment of conviction and sentence that effectively replaced four prison sentences that had been stayed pending appeal with four sentences of probation. The state assigns error to the trial court's determination that it had authority to modify the sentences, arguing that, because the four prison sentences were to run concurrently with a sentence of probation that defendant was serving at the time of the amendment, the prison sentences had already been "put into effect." We review for errors of law, *State v. DeCamp*, 158 Or App 238, 240, 973 P2d 922 (1999), and affirm.

Defendant was convicted on four counts of unlawful disposal or storage of hazardous waste, ORS 468.926, one count of supplying false information to an agency, ORS 468.953, and one count of theft in the second degree, ORS 164.045. The trial court imposed sentences of 14 months' imprisonment on each of the hazardous waste counts, a sentence of 24 months' probation on the count of supplying false information, and a "sentence of discharge" on the theft count. That judgment specified that the prison sentences on the four hazardous waste counts were to run concurrently to one another but was silent as to the concurrent or consecutive nature of the probation sentence. The judgment did specify that "imprisonment is suspended pending completion of appeal, if any."

Defendant began reporting for probation "shortly after" sentencing but appealed his convictions on the hazardous waste counts. That appeal did not raise any issue regarding the sentences. We affirmed without opinion. *State v. Lebeck*, 148 Or App 70, 939 P2d 173, *rev den* 326 Or 62 (1997). After the Supreme Court denied his petition for review, defendant moved that the trial court modify the prison sentences. Defendant argued that, because the prison sentences had been stayed pending appeal and he had not yet begun to serve time on them, the trial court had authority to modify those sentences. The court agreed in a letter opinion:

"I sentenced Mr. LeBeck to four fourteen-month concurrent prison sentences and placed him on probation on another

count with no jail time on that count. Mr. LeBeck has been reporting to the probation office since the time of sentencing * * *. *I stayed the execution of the prison sentences pending the appeals in this case.*

"It seems apparent then that the prison sentences and the probation sentence are not concurrent. Mr. LeBeck has started serving the probation sentence. The prison sentences have not been 'put into effect' and *will not be put into effect until he is taken into custody* to begin those sentences." (Emphasis added.)

The trial court concluded that it retained jurisdiction to modify the sentences and entered an amended judgment that changed the sentences for each of the hazardous waste counts to 36 months' probation.

On appeal, the state assigns error to the trial court's determination that it had authority to modify the prison sentences. The state asserts that, under the original judgment, the prison sentences on the four hazardous waste counts were to run concurrently with the probation sentence for supplying false information. Thus, the state contends, under the rule announced in *State v. Hamlin*, 151 Or App 481, 950 P2d 336 (1997), *rev den* 327 P2d 173 (1998), the prison sentences were executed at the same time defendant started serving his probation sentence. Defendant responds, as he did before the trial court, that the court's stay of imprisonment on the four hazardous waste counts materially distinguishes this case from *Hamlin*.

■ Before addressing the merits—and *Hamlin*'s application in particular—we first address a threshold matter: defendant contends that this court lacks jurisdiction to hear a state's appeal from an amended judgment. Specifically, defendant asserts that the statute on which the state relies as the basis for jurisdiction, ORS 138.222(7), does not authorize appeals from an amended judgment. ORS 138.222 defines the scope of our review in felony sentencing cases and does not itself confer jurisdiction for such appeals. We understand defendant's argument to be that the issue raised by the state is unreviewable. We disagree.

■■ ORS 138.060(5) authorizes the state to appeal from "a judgment of conviction based on the sentence as provided

in ORS 138.222." ORS 138.222, in turn, specifies the appropriate scope of our review in such appeals. Subsection (4)(a) of that statute provides that we "may review a claim that the sentencing court failed to comply with the requirements of law in imposing * * * the sentence." ORS 138.222(4)(a). That is precisely the nature of the state's claim here. *See DeCamp*, 158 Or App at 240 (invoking ORS 138.222(4)(a) as authority to review a claim that the trial court lacked authority to modify a sentence). Our scope of review under ORS 138.222(4)(a) is limited to errors of law in imposing the sentence itself and does not include challenges to "the procedure by which [the sentence] was imposed." *State v. Sanchez*, 160 Or App 182, 186, 981 P2d 361, *rev den* 329 Or 318 (1999). A claim that the trial court lacked authority to modify the sentence, however, is not a procedural question but one that "falls squarely with the terms of what we may review under ORS 138.222(4)(a)." *State v. Lavitsky*, 171 Or App 506, 17 P3d 495 (2000) (reviewing a challenge, on a state's appeal from an amended judgment, to the trial court's authority to modify an executed sentence).

■ We turn then to the merits and the question of whether the trial court had authority to modify the sentences here. The common-law rule, expressed in ORS 137.010(6)[1] and numerous Oregon cases[2] is that "a trial judge's power to

---

[1] ORS 137.010(6) provides:

"The power of the judge of any court to suspend execution of any part of a sentence or to sentence any person convicted of a crime to probation shall continue until the person is delivered to the custody of the Department of Corrections."

ORS 144.720 provides:

"Nothing in [selected sections governing parole and post-prison supervision] shall be construed as impairing or restricting the power given by law to the judge of any court to suspend execution of any part of a sentence or to impose probation as part of a sentence to any person who is convicted of a crime before such person is committed to serve the sentence for the crime."

We have previously noted that this section "recognizes the authority of the court over sentences *before* commitment." *Hamlin*, 151 Or App at 487 n 7 (emphasis in original).

[2] *See, e.g., State v. Hamilton*, 158 Or App 258, 974 P2d 245, *rev den* 329 Or 318 (1999) (trial court lacked resentencing authority because, *inter alia*, defendant was, at the time of resentencing, incarcerated on the sentence sought to be modified); *State v. Perry*, 140 Or App 18, 22, 914 P2d 29 (1996) (because defendant had already begun serving presumptively concurrent sentences trial court lacked authority to modify judgment to render sentences consecutive). After a sentence

modify or vacate a valid sentence ends *once the sentence has been executed." State ex rel O'Leary v. Jacobs*, 295 Or 632, 636, 669 P2d 1128 (1983) (emphasis added). When a court imposes concurrent terms of probation on some counts and incarceration on other counts of the same indictment, we have held that all concurrent sentences are deemed "executed" for purposes of cutting off a sentencing court's authority to modify the sentence if any one of the sentences has been "put into effect." *Hamlin*, 151 Or App at 487.

In *Hamlin*, we reversed an order modifying two 18-month prison sentences that were to be served concurrently with a 30-day term imposed as a condition of a separate sentence of probation. The trial judge had entered the original sentence on July 3 and specified that incarceration on all three sentences was to begin on August 1. Defendant immediately filed a motion to reconsider and impose probation instead of prison, which the judge granted, amending the original judgment on July 15, before defendant had been committed to custody. However, we held that, because the probation sentence had gone into effect immediately on imposition, *i.e.*, July 3, and because all three original sentences were to be served concurrently, the two prison sentences "had also been 'put into effect' " at the time that the probation sentence was "put into effect." 151 Or App at 487.

The *Hamlin* court cited *State v. Perry*, in which we held that the trial court lacked authority to modify a judgment to specify that two sentences imposed in the original judgment were to run consecutively. We reasoned in *Perry* that both sentences "were 'put into effect' when [the defendant] began his term in the county jail," because the two incarcerative sentences were presumed to run concurrently. 140 Or App at 23. The sentencing court was therefore without authority to modify any of the concurrent sentences after that date. *Id.*

■■ *Hamlin* and *Perry* applied the common-law rule that execution of a sentence occurs when the sentence is "put into effect." *O'Leary*, 295 Or at 636 (citing *State v. Cannon*, 11 Or

---

has been executed, a trial judge retains authority only to correct errors in an illegal or otherwise invalid sentence. *See State v. Leathers*, 271 Or 236, 240, 531 P2d 901 (1975); *State v. Cotton*, 240 Or 252, 400 P2d 1022 (1965).

312, 314, 2 P 191 (1884)); *see also Perry*, 140 Or App at 23. A sentence of probation becomes effective immediately on imposition of the sentence, unless otherwise ordered. *State v. Hoffmeister*, 164 Or App 192, 196 n 2, 990 P2d 910 (1999); *State v. Quackenbush*, 116 Or App 453, 455-56, 841 P2d 671 (1992). When the sentence is one of imprisonment, it is "put into effect" when the defendant is delivered to the custody of the supervisory authority after imposition of the judgment, regardless of whether the defendant is later released pending appeal. *O'Leary*, 295 Or at 637. In *Hamlin*, we relied on the concurrent nature of the prison and probation sentences to conclude that, regardless of the fact that the defendant had yet to begin serving her prison sentences, all of the sentences were nonetheless "put into effect," 151 Or App at 487, because the sentences at issue were, like those in *Perry*, intended by the trial judge to be served concurrently.

■■■■ A trial court has some limited discretion to decide whether a defendant, convicted and sentenced on multiple counts, will serve the multiple sentences imposed consecutively or concurrently. Thus, "unless it is clear from the judgment that the sentences are to be served consecutively, they are to be construed as concurrent." *State v. Blake*, 7 Or App 307, 311, 490 P2d 1026 (1971). However, concurrent sentences need not commence at the same time; nor do inmates necessarily begin receiving credit on all concurrent sentences from precisely the same moment. The presumption expressed in *Blake* serves only to distinguish sentences that are to be served concurrently from those that are to be served consecutively.[3] It does not require that sentences identified as presumptively concurrent with one another necessarily be *simultaneously executed*.

---

[3] This presumption is expressed in the statutory scheme as a limit on the authority of a court to impose consecutive sentences, ORS 137.123 (specifying circumstances under which consecutive sentences may be imposed after providing that "[A] sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences."). It is also employed as a consideration in the computation of time served and length of confinement, ORS 137.370(5):

"Unless the court expressly orders otherwise, a term of imprisonment shall be concurrent with that portion of any sentence previously imposed * * * regardless of whether the earlier sentence was imposed by the same or any other court, and regardless of whether the earlier sentence is being or is to be served in the same penal institution or under the same correctional authority."

 Thus, concurrency and execution of sentences are distinct concepts whose application may, but need not, be congruent. Identification of when a sentence is executed does not depend on when credit on a term of incarceration begins accruing or whether credit is accruing on another term at the same time. In the context of consecutive prison sentences, for example, we have indicated that the determination of when the various sentences are deemed executed, for purposes of determining a trial court's authority to modify the sentence, is entirely dependent on when a defendant is "delivered to the physical and legal custody of the proper authority," rather than whether a defendant is "receiving credit for time in custody on a particular sentence." *DeCamp,* 158 Or App at 244. That is so because the time at which a prison sentence is deemed executed is statutorily defined by reference to when a defendant is delivered to the custodial authority. ORS 137.320; ORS 137.370.

*O'Leary* exemplifies that principle. There, the criminal defendant received a five-year sentence on a conviction of sodomy and rape. After sentencing, he was delivered to the penitentiary and remained there for "a few days" before filing an appeal and electing a stay.[4] After unsuccessfully appealing his conviction, the defendant moved for reconsideration of his sentence, arguing that he had rehabilitated himself during the pendency of his appeal. The trial court agreed and modified the sentence.

The state then sought mandamus, arguing that the trial court lacked authority to modify the sentence. The Supreme Court granted the writ. The court concluded that, because the criminal defendant had been imprisoned before appealing and electing a stay, his sentence had been executed, and the trial court lacked authority to modify his sentence after he unsuccessfully exhausted his appeals. The election of a stay pending appeal did not operate retroactively to "avoid the effect of" the prior incarceration under the sentence:

---

[4] ORS 138.135(1) provides that "a sentence of confinement shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is released on security." Thus, on an appeal by a defendant, a stay of execution of sentence may be elected by the defendant if it is not granted, as it was here, by the trial court.

"[D]efendant's contention that the election of a stay of execution of sentence pending appeal should operate retroactively to avoid the effect of any delivery to [Corrections] would have as a consequence * * * double jeopardy, *i.e.*, because of the retroactive effect of the stay, the convict would have to face the possibility of repeating the time previously spent in prison pursuant to sentence if his or her appeal failed. The convict could thereby be punished twice for the same offense. It was the consideration of exactly such a possibility that was one of the rationales for the common law rule concerning the limits of the judge's sentencing power." 295 Or at 639.[5]

In this case, as in *Hamlin* and *O'Leary*, the dispositive question is whether defendant's prison sentences were executed before the court amended the judgment. *See Hamlin*, 151 Or App at 485; *O'Leary*, 295 Or at 637. We conclude that the prison sentences here were not executed prior to the amended judgment because execution of the prison sentences had been stayed pending appeal. Although the trial court did clearly intend that the four prison terms imposed in the original judgment were to run concurrently to each other, it also clearly denoted in not less than four places in the original judgment that imprisonment under the incarcerative sentences was to be suspended pending appeal.[6] We can conceive of no clearer way to prevent a sentence from

---

[5] Implicit in the Supreme Court's holding in *O'Leary* is the idea that a stay of execution of sentence before delivery to the correctional authority prevents a sentence from being "put into effect":

"When [ORS137.010(6)] is read in the light of ORS 138.135(1), it is clear that * * * *the opportunity to remain within the sentencing power of the trial court* depends not on any implicit or explicit classification * * * but upon the mere filing of an appeal and an election to have the appeal serve as a *stay* of sentence." 295 Or at 637-38 (emphasis added).

[6] Although neither argued by the parties nor necessary to our disposition, we note that the fact that an appeal occurred between imposition of sentence and the order amending that sentence does not change the result reached here. All trial court proceedings on defendant's motion to reconsider took place after the judgment of this court affirming defendant's convictions was entered in the trial court. Under ORS 19.270(6), our jurisdiction over the cause ended at that time and, thus, any limitation on a trial court's authority pending appeal were no longer applicable. *See* ORS 138.083 and *Hamlin*, 151 Or App at 485 n 3:

"In [*O'Leary*], the defendant had exhausted his appeal rights before moving for reconsideration of his sentence, but the result of those appeals did not limit the inherent power of the judge to alter or vacate a sentence. That power ends, not by affirmance of an appeal, but when the sentence is executed."

being executed than to order a stay such as that issued here. *See State v. Zimmerman*, 166 Or App 635, 640, 999 P2d 547 (2000) ("[T]he court suspended the * * * fine. Thus, by definition, the portion of the judgment sentencing defendant to pay the fine was not executed or put into effect.").

We thus conclude that the stay issued here materially distinguishes this case from *Hamlin*. Because the prison sentences were not yet executed at the time of resentencing, the trial court did not err in determining it had authority to modify the sentencing order. *See O'Leary*, 295 Or at 638 (stay of execution of sentence affords a defendant "the opportunity to remain within the sentencing power of the trial court").

Affirmed.