Argued and submitted March 24, amended sentence vacated; remanded for
resentencing; otherwise affirmed October 11, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUGLAS STEPHEN FRENCH,
*Appellant.*

## 2004-00108; A129102

145 P3d 305

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender, Legal Services Division.

Steven R. Powers, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Yraguen, Senior Judge.**

---

* Brewer, C. J., *vice* Deits, J. pro tempore.
** Yraguen, S. J., *vice* Wollheim, J.

YRAGUEN, S. J.

## YRAGUEN, S. J.

Defendant appeals from the judgment of the trial court amending his sentence imposed after revocation of probation. He contends that the trial court lacked authority to amend the sentence after he was delivered to the custody of the Department of Corrections, and that, even if the trial court had authority to modify the judgment, it was error to do so without providing him with notice and an opportunity to be heard. We review the record for legal error, *see* ORS 138.222(4)(a), vacate the amended judgment, and remand to the sentencing court for further proceedings.

The facts are not in dispute. Defendant pleaded guilty to sexual abuse in the second degree and was sentenced to 36 months of supervised probation with 60 days in jail as a condition of probation. After defendant's probation officer reported to the district attorney that defendant had violated the terms of his probation, the trial court ordered defendant to appear and show cause as to why the order of probation previously entered should not be revoked and sentence imposed.

Following the imposition of defendant's sentence of probation, defendant was convicted of an unrelated charge and sentenced to a term of imprisonment at the Snake River Correctional Institution in Ontario, Oregon. Because defendant was incarcerated on that charge when the trial court issued the order to show cause, the trial court directed authorities at the Snake River Correctional Institution to produce defendant for his probation violation hearing.

At the hearing, defendant admitted to violating certain terms and conditions of his probation. The state, noting that defendant had been convicted of another crime while in violation of his probation, requested that the court revoke defendant's probation and sentence him to the maximum term of "six months consecutive with any time he's serving now." Defendant did not contest the appropriateness of revocation but argued that any sentence imposed should run concurrently with the sentence he was serving. The trial court rejected defendant's argument and orally imposed a sentence of six months to be served "consecutive to the sentence that

you're currently serving." Defendant was then returned to the custody of the authorities at the Snake River Correctional Institution.

After the hearing, the sentencing court entered a written judgment sentencing defendant to six months of incarceration, but that judgment was silent as to whether the sentence imposed was to be served concurrently with or consecutively to the sentence that defendant was serving. Over six months later, the sentencing court, on its own motion and without notifying the parties, amended the written judgment "to make sentence consecutive to any sentence currently being served."

On appeal, defendant first contends that the sentencing court lacked jurisdiction to amend its judgment because his sentence was "executed" once he was delivered to the Department of Corrections. Defendant relies on the common-law rule that the execution of a criminal sentence deprives the sentencing court of jurisdiction. *See, e.g., State ex rel O'Leary v. Jacobs*, 295 Or 632, 636, 669 P2d 1128 (1983); *State v. Lebeck*, 171 Or App 581, 586, 17 P3d 504 (2000); *State v. Perry*, 140 Or App 18, 22, 914 P2d 29 (1996).

■■■ Defendant's reliance on the common-law rule is misplaced. Although it is true that, when in conflict, a written judgment generally controls over a pronouncement from the bench, *see State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974), and *State v. Mossman*, 75 Or App 385, 388, 706 P2d 203 (1985), and that sentences are presumed to be concurrent unless it is clear from the judgment that the sentences should be served consecutively, *see* ORS 137.123(1) and ORS 137.370(5), it is not the case that a judge's power to modify or vacate a valid sentence ends once "the defendant is delivered to the custody of the supervisory authority after imposition of the judgment." *See Lebeck*, 171 Or App at 587 (explaining when a sentence has been "executed"). ORS 138.083(1) provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify *any* erroneous term in the judgment."

(Emphasis added.) That statute modifies the common-law rule prohibiting a sentencing court from modifying its judgment after the sentence has been executed, and, accordingly, the cases cited by defendant applying the common-law rule are unpersuasive. *State v. Easton*, 204 Or App 1, 126 P3d 1256, *rev den*, 340 Or 673 (2006).

■ We recently considered the scope of a sentencing court's ability to modify a sentence under ORS 138.083(1) in a case with strikingly similar facts. The defendant in *Easton* pleaded no contest to two separate offenses and stipulated at the sentencing proceeding that the sentences for the two offenses were to be served consecutively. Although the court ordered the sentences to run consecutively at the sentencing proceeding, the written judgments did not so specify. After the defendant was delivered to the custody of the state, that is, after the sentence was executed, the sentencing court exercised its authority under ORS 138.083(1) to enter an amended judgment correcting the omissions and specifying that the two sentences were to be served consecutively. We held that the trial court had jurisdiction to amend the sentence under ORS 138.083(1) notwithstanding the fact that the sentence had been executed. *Easton*, 204 Or App at 5-6. We see no reason to depart from that precedent in this case, and we conclude that the trial court retained its authority to modify the judgment after defendant was delivered to the custody of the Department of Corrections.[1]

Defendant next assigns error to the sentencing court's modification of the judgment without giving him notice or an opportunity to be present. The state contends that the court was permitted to modify the judgment in defendant's absence because the right to be present when one's sentence is modified turns on whether the proposed modification is "substantive" or "administrative." *See, e.g., State v. Riley*, 195 Or App 377, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006); *State v. Kliment*, 45 Or App 511, 608 P2d 618 (1980); *State v. Blake*, 7 Or App 307, 490 P2d 1026 (1971).

---

[1] We do not address whether the trial court may have lacked authority to modify the judgment for any other reason, including the fact that defendant appears to have already served the entire imprisonment portion of his sentence when the amended judgment was entered.

According to the state, even if the court erred by entering a substantive modification in defendant's absence, the error was harmless.[2] We do not address whether defendant had a right to be present at the modification proceeding,[3] because we hold that the court erred by failing to provide defendant with the statutorily prescribed notice. *See* ORS 138.083(1); *Ainsworth v. SAIF*, 202 Or App 708, 711-12, 124 P3d 616 (2005), *rev den*, 341 Or 216 (2006) (explaining that we abstain from deciding constitutional questions if a case can be decided on statutory grounds).

■■ "A trial court has a duty to pass sentence in accordance with the pertinent sentencing statutes, ORS 137.010(1), and a sentence's validity is determined solely by how well it comports with those statutes." *Horsley*, 168 Or App at 562. ORS 138.083(1) permits a court to amend a judgment to delete or modify any erroneous term "either on the motion of one of the parties or on the court's own motion *after written notice to all the parties*." (Emphasis added.) In this case, the sentencing court modified the judgment without providing the parties with written notice, as it was statutorily required to do. Accordingly, we must determine whether the court's failure to give the parties notice of the amendment "prejudiced the defendant in respect to a substantial right" or was mere harmless error. *See* ORS 131.035.

The state argues that defendant has failed to show prejudice because the trial court previously considered and rejected defendant's objection to the imposition of a consecutive sentence. According to the state, even if defendant had

---

[2] As *Easton* was decided after the parties briefed the issues, the state argued that the sentencing court acted pursuant to its inherent common-law authority to modify the judgment. We need not decide whether there was common-law authority to modify the judgment in this case because "[t]he common-law rule has no application here. The legislature has the ability to modify such common-law rules. And, it clearly has done so by enacting ORS 138.083, which specifically allows for the type of sentence modification at issue in this case, notwithstanding that the sentence has been executed." *Easton*, 204 Or App at 6 (citing *State v. Horsley*, 168 Or App 559, 7 P3d 646 (2000)). In a post-argument memorandum, the state acknowledges that ORS 138.083 may have been the source of the trial court's authority to modify the judgment but contends that any error in not providing notice under the statute was harmless.

[3] *But see State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004) (noting that a criminal defendant has both a statutory right and a constitutional right to be present when a court makes a substantive sentence modification).

been present when the trial court amended the written judgment to reflect that ruling and reiterated his objection, "the trial court likely would have rejected his request again."

■      While that proposition may be true, it does not follow that there was an absence of prejudice. "[T]he mere fact that a defendant's statements regarding his sentence are likely not to affect the sentencing court does not itself render the defendant's absence harmless error." *State v. Jacobs*, 200 Or App 665, 674, 117 P3d 290 (2005) (citing *State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999)). If defendant had been given the statutorily prescribed notice, he would have had the opportunity to request a hearing or file a pleading, and he may have argued, among other things, that the court lacked jurisdiction to enter the proposed amendment because the imprisonment portion of his sentence had been fully served. We take no position regarding whether the trial court would have been required to hold a hearing if requested to do so by defendant, and we do not decide the merits of any argument that defendant could have presented to the court had he received the proper notice. "Regardless of whether defendant's argument[s] * * * w[ere] correct, he had the right to make [them]." *Jacobs*, 200 Or App at 674. We therefore conclude that the trial court's error in not notifying defendant of its intent to modify his sentence was not harmless.

Accordingly, we vacate the amended sentence and remand to the sentencing court for further proceedings with instructions to comply with relevant statutes regarding notice to the parties consistent with this opinion.

Amended sentence vacated; remanded for resentencing; otherwise affirmed.