Submitted on record and briefs May 30, sentences vacated; remanded for resentencing; otherwise affirmed June 27, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MIGUEL XOCUA-XICALHUA,
*Defendant-Appellant.*

Marion County Circuit Court
05C40803; A129979

162 P3d 336

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count of delivery of a controlled substance (DCS) within 1,000 feet of a school, *former* ORS 475.999(1) (2003), *renumbered as* ORS 475.904(1) (2005), two counts of using a minor in the commission of a controlled substance offense, ORS 167.262, and two counts of first-degree child neglect, ORS 163.547. At the sentencing proceeding, the trial court announced that it would impose consecutive sentences totaling 98 months, including 18 months on the DCS conviction. The judgment that the trial court then entered, however, neglected to impose a sentence for the DCS conviction and, as a result, imposed a total sentence of only 80 months. Approximately three weeks later, the court entered an amended judgment that imposed an 18-month sentence for the DCS conviction, thus increasing defendant's total sentence to 98 months as the court originally intended. On appeal, defendant assigns error to the modification of his sentence, arguing that (1) the trial court lacked the authority to change his sentence once it had been "executed," *i.e.*, once defendant had been delivered to the Department of Corrections and commenced serving his sentences, and (2) the trial court erred by modifying his sentence without providing him notice and an opportunity to be heard.

Defendant's first argument, that the trial court lacked authority to amend a sentence once it has been executed, is not well taken. Under ORS 138.083(1), the trial court retained the authority, even after defendant had commenced serving his sentences, to amend the judgment to delete or modify an erroneous term. *State v. French*, 208 Or App 652, 656, 145 P3d 305 (2006); *State v. Easton*, 204 Or App 1, 5-6, 126 P3d 1256, *rev den*, 340 Or 673 (2006). With regard to his second argument, however, the state concedes that the trial court erred in amending defendant's sentence without giving him written notice. We agree and accept the state's concession. Although ORS 138.083(1) authorizes a trial court to make such modifications, the statute also expressly requires that the court provide "written notice to all the parties" before doing so. The trial court erred in amending defendant's sentence without providing the

required notice. *See French,* 208 Or App at 657 (concluding that trial court erred in modifying judgment without providing the parties with written notice).

Sentences vacated; remanded for resentencing; otherwise affirmed.