Submitted December 4, 2008, reversed and remanded January 7, petition for review denied April 8, 2009 (346 Or 157)

QUIAN EMEKA PARRIS,
*Petitioner-Appellant,*

*v.*

Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
05024217M; A130999

199 P3d 889

Erin Galli and Chilton, Ebbett & Galli, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals from a judgment denying him post-conviction relief. He asserts that the post-conviction court erred in rejecting his claim that appellate counsel was inadequate for failing to assign error to the criminal trial court's amendment of the underlying judgment to add 12 months to petitioner's sentence. Petitioner also argues that the post-conviction court erred in various regards in denying his claim that he received inadequate assistance from trial counsel in the underlying criminal proceeding; we reject petitioner's claims concerning the adequacy of trial counsel without discussion. The state concedes that petitioner received inadequate assistance of appellate counsel. As explained below, we conclude that that concession is well founded. Accordingly, we reverse and remand.

Petitioner was convicted of one count each of first-degree rape and first-degree unlawful sexual penetration, both of which required the imposition of mandatory minimum sentences pursuant to ORS 137.700. The court orally announced that the sentences would run partially concurrently and partially consecutively to one another, for a total of 12 years. The court subsequently amended the judgment pursuant to ORS 138.083 without holding a hearing. The amended judgment imposed sentences totaling 13 years.[1] On direct appeal from the amended judgment, defense counsel challenged the imposition of partially consecutive sentences but did not argue that the court erred in amending the judgment and increasing the term of incarceration without giving petitioner an opportunity to be heard.

Defendant had a right to notice and a right to be heard when the court made a substantive amendment to his sentence pursuant to ORS 138.083. *See, e.g., State v. French,* 208 Or App 652, 145 P3d 305 (2006); *State v. DeCamp,* 158 Or App 238, 973 P2d 922 (1999). Thus, not only did appellate counsel provide inadequate assistance in failing to raise that issue, but petitioner was prejudiced, given that, had he been present when the court amended the judgment, he would

---

[1] The state observes in its brief that the imposition of the 13-year sentence in the amended judgment apparently was due to a clerical error, in which the words "concurrently" and "consecutively" were transposed.

have had an opportunity to bring the error in the judgment to the court's attention. Accordingly, the post-conviction court erred in denying petitioner relief concerning that allegation.

Reversed and remanded.