Submitted May 2, 2008, remanded for resentencing; otherwise affirmed
January 28, 2009

STATE OF OREGON,
*Plaintiff-Respondent*

*v.*

WILLIAM GLEN RICKARD,
*Defendant-Appellant.*

Jefferson County Circuit Court
96CR0088; A133127

201 P3d 927

William Glen Rickard filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant was convicted and sentenced on a number of sex crimes. He appeals a judgment amending the sentences for several of his convictions. Defendant contends that the amended judgment is unlawful because he did not receive written notice of the proposed modification of the original judgment and because the trial court amended the judgment outside his presence. We review the record for legal error. ORS 138.220; *State v. French*, 208 Or App 652, 657, 145 P3d 305 (2006). We conclude that the trial court erred in modifying the sentences in defendant's absence, remand for resentencing, ORS 138.222(5), and otherwise affirm. Because of that disposition, we do not address defendant's claim of lack of notice.

In 1996, defendant was convicted of attempted rape in the first degree (Count 2); sodomy in the first degree (Count 4); sodomy in the second degree (Count 13); sexual abuse in the first degree (Counts 5 and 10); delivery of a controlled substance to a minor (Count 6); and attempted rape in the second degree (Counts 9 and 11). Defendant appealed the convictions and sentences, and we affirmed from the bench. *State v. Rickard*, 164 Or App 317, 991 P2d 582 (1999). In 2005, defendant filed a petition for post-conviction relief. An attorney was appointed to represent defendant in that proceeding. During the course of the post-conviction relief case, the state conceded that the sentence that had been imposed on defendant was unlawful.

Immediately after that concession, on July 7, 2006, the state filed a motion to amend the judgment of conviction and sentence pursuant to ORS 138.083(1). That statute empowers a sentencing court to "correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment." A copy of the motion was served on defendant's counsel in the post-conviction relief proceeding. The state sought to modify the sentences to make them consistent with policies regulating terms of post-prison supervision provided in ORS 144.103. The state requested the following modifications: (1) addition of the phrase "less time actually served" to the post-prison supervision terms for Counts 2, 4,

5, 9, 10, and 11, to assure that the combined terms of incarceration and post-prison supervision did not exceed the maximum statutory sentences for the offenses; (2) reduction of the length of post-prison supervision for Counts 5 and 10 from 20 years to 10 years; and (3) an increase in the duration of post-prison supervision for Counts 9 and 11 from 36 months to five years. On July 10, 2006, the trial court issued an amended judgment of conviction and sentence allowing the changes requested by the state. Defendant appeals the amended judgment.

Defendant argues that the amended judgment was unlawful because it was allowed outside of his presence, contrary to his rights under ORS 137.030 and Article I, section 11, of the Oregon Constitution. ORS 137.030 provides, in part, that "for the purpose of giving judgment, if the conviction is for: (1) A felony, the defendant shall be personally present." Article I, section 11, of the Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel." Those provisions vindicate the right of allocution, by which the defendant may present mitigating circumstances to the sentencing court in the hope of receiving leniency. *DeAngelo v. Schiedler*, 306 Or 91, 94-95, 757 P2d 1355 (1988) ("right * * * to be heard" under Article I, section 11, includes "right to speak at sentencing" encompassing "the right to make any statements relevant to existing sentencing and parole practices"); *State v. Gibson*, 183 Or App 25, 32, 51 P3d 619 (2002). The statutory and constitutional rights to speak at a sentence modification proceeding are not unqualified. An enforceable right extends to changes in a sentence that are "substantive" as opposed to "administrative" in character. *State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999). We noted in *State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004), *rev den*, 340 Or 673, 136 P3d 743 (2006):

> "When the modification is administrative as opposed to substantive, that is, when the modification involves neither disputed facts nor the exercise of judicial discretion but occurs entirely by operation of law, the defendant's absence is not prejudicial."

(Citations omitted.) We explained in *State v. Kennedy*, 196 Or App 681, 684, 103 P3d 660 (2004), that a trial court may

amend a sentence outside a defendant's presence "if the amendment is merely a nondiscretionary administrative change to which the defendant cannot object, that is, one required by law."[1]

The principle that an administrative modification can be accomplished outside a defendant's presence is grounded in the understanding that "[a] trial court has a duty to pass sentence in accordance with the pertinent sentencing statutes, ORS 137.010(1), and a sentence's validity is determined solely by how well it comports with those statutes." *State v. Horsley*, 168 Or App 559, 562, 7 P3d 646 (2000). Thus, a modification that acts only to make the otherwise legally incorrect sentence comply with a mandatory sentencing law is an administrative change involving no participatory rights on the part of a defendant.

The state argues that the changes to defendant's sentences in this case are administrative changes and compelled by ORS 144.103, which currently provides, in part:

> "(1)   Except as otherwise provided in ORS 137.765 and subsection (2) of this section, any person sentenced to a term of imprisonment for violating or attempting to violate ORS 163.365, 163.375, 163.395, 165.405, 163.408, 163.411, 163.425 or 163.427 shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

The state is correct that the changes to the sentences for Counts 2, 4, and 13 made the total term of post-prison supervision equal to the maximum statutory indeterminate

---

[1] *Compare Kennedy*, 196 Or App at 685 (modification providing that sentence run consecutively with a federal sentence as required by law was administrative change), and *Riley*, 195 Or App 377 (adding term that defendant is not eligible for temporary leave or reduction in sentence when such a term is required by law is an administrative modification), *with French*, 208 Or App 652 (vacating amended sentence where trial court failed to notify the defendant and the amendment altered the sentences to run consecutively where the term of imprisonment had already been completed), *Gibson*, 183 Or App at 32 (change of the crime of conviction as substantive modification), *DeCamp*, 158 Or App at 243 (increasing term of confinement for failure to appear was substantive change), and *State v. Blake*, 7 Or App 307, 311, 490 P2d 1026 (1971) (ordering sentences to be served consecutively rather than concurrently is substantive modification).

sentences for those violations. Likewise, reducing the total term of post-prison supervision for Counts 5 and 10 to 10 years makes those sentences consistent with ORS 144.103. Those changes are administrative in character. Defendant's right of allocution was not violated by his absence when those corrections were made by the sentencing court.

■ However, the changes to the sentences for Counts 9 and 11, the convictions for attempted rape in the second degree, were not compelled by the version of ORS 144.103 in effect at the time that defendant committed the crimes. ORS 163.365, defining the crime of second-degree rape, was added to ORS 144.103 in 1999. Or Laws 1999, ch 161, § 1. Thus, the increase in defendant's sentences for the attempted second-degree rape convictions from 36 weeks to five years of post-prison supervision was not required by law and was not administrative in character. To apply a statute retroactively in this manner raises the question of whether it is an impermissible violation of the prohibition of *ex post facto* laws found in Article I, section 21, of the Oregon Constitution and Article I, section 10, of the United States Constitution.[2] *See State v. Isom*, 313 Or 391, 395, 837 P2d 491 (1992) (the legislature "intends that Oregon courts sentence criminal defendants under the statutory scheme in force when a particular criminal act was committed"). Defendant could have made a relevant allocution to the increase of sentences for Counts 9 and 11. Those changes were substantive in character. *State v. Isom*, 201 Or App 687, 694, 120 P3d 912 (2005) (potential error in second sentencing "demonstrates that defendant could have made a relevant allocution").

Defendant had a right to be present when his sentence was modified to increase his term of post-prison supervision for two attempted second-degree rape convictions. The right to be present and the opportunity to speak protects against prejudicial actions by the sentencing court, as is the case here, where it appears that the original post-prison supervision sentences on the attempted second-degree rape

_____

[2] Article I, section 21, of the Oregon Constitution provides, in part: "No ex-post facto law * * * shall ever be passed." (Underscore in original.) Article I, section 10, of the United States Constitution provides, in part: "No State shall * * * pass any * * * ex post facto Law."

convictions were not erroneous and the changes were outside the scope of the authority granted by ORS 138.083 to the trial court.

Remanded for resentencing; otherwise affirmed.