Submitted December 18, 2013, affirmed May 14, petition for review denied September 11, 2014 (356 Or 163)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYSON LEROY WILCHER,
*Defendant-Appellant.*

Multnomah County Circuit Court
100331055; A150283

326 P3d 618

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for one count of murder, ORS 163.115, two counts of assault in the second degree, ORS 163.175, one count of unlawful possession of methamphetamine, ORS 475.894, two counts of robbery in the first degree, ORS 164.415, and three counts of robbery in the second degree, ORS 164.405. Defendant presents two assignments of error on appeal. We reject defendant's second assignment of error without published discussion and write only to address his first assignment of error in which he argues that the trial court violated his right "to be heard by himself" under Article I, section 11, of the Oregon Constitution,[1] when it denied his request to make an unsworn statement to the jury during trial.[2] We conclude that defendant's Article I, section 11, right to be heard does not include the right to present his version of the facts to the jury, unsworn, during his case-in-chief. Accordingly, we affirm.

The relevant procedural facts are not in dispute. Defendant was charged with multiple crimes based on his participation in a residential burglary. At trial, during the presentation of defendant's case, defense counsel informed the trial court, "[Defendant] does not want to be a witness in the case in chief, but he would like to make an unsworn statement." In support of that request, defense counsel argued that a defendant's right to be heard under Article I, section 11, grants criminal defendants the right to make an unsworn statement in addition to the right to testify. He cited *State v. Stevens*, 311 Or 119, 806 P2d 92 (1991), to support his assertion that the right to be heard includes

---

[1] Article I, section 11, provides, in part, "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

[2] Defendant also argues, without further explanation, that the trial court's denial of his request violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, because defendant failed to raise that argument to the trial court, the issue is not preserved for our review. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."); *Charles v. Palomo*, 347 Or 695, 700, 227 P3d 737 (2010) ("Ordinarily, this court will not consider an issue unless it was first presented to the trial court.").

the right to make an unsworn statement,[3] and *DeAngelo v. Schiedler*, 306 Or 91, 94, 757 P2d 1355 (1988), to support his assertion that the right to be heard applies throughout the entire criminal prosecution. Defense counsel asserted that, because defendant would not legally be a "witness," he should be allowed to introduce unsworn statements without being subject to impeachment, cross-examination, or risk of perjury charges.

In response, the state remarked:

"Although the State does not agree that [defendant] may make a statement to the jury, it would be irrelevant to have him comment to the jury before sentencing unsworn to give his version of the events.

"And, obviously, with his four Robbery I convictions he's highly motivated to avoid cross-examination, which would include that. Plus would go into every other aspect of his activities that evening and at other times as well. I can't think of a reason that the statement would then be presented to the jury during the case."

The trial court then denied defendant's request to make an unsworn statement, stating:

"All right. [Defendant], I'm just not aware of any Oregon trial or Oregon judge that has ever allowed in an unsworn statement before the jury at trial. You have a right to alloc[u]tion where you can make an unsworn statement [that] certainly applies to sentencing.

"It's just outside the realm of any experience that I've had in 20 years in seeing a defendant get up in front of the jury and not take an oath to tell the truth and not be subject to cross-examination.

"Otherwise, it's simply not testimony, it's not evidence then. It wouldn't be relevant to any fact finding, and, quite

---

[3] In *Stevens*, the Oregon Supreme Court noted that "Article I, section 11, grants two distinct, not overlapping, rights: the defendant's right *to make a statement and to testify*, and the defendant's right to be represented by counsel." 311 Or at 124 (emphasis added). At trial, defense counsel argued that, "[u]nder *Stevens*, the defendant is allowed to make a statement which requires no oath." On appeal, defendant has abandoned his reliance on *Stevens*. *See State v. Rogers*, 330 Or 282, 296 n 6, 4 P3d 1261 (2000) ("Because this court in *Stevens* was not concerned directly with whether Article I, section 11, encompassed the right to make an unsworn statement, any assertion on that point is *dictum*.").

frankly, it would just confuse the jury as to what you're doing.

"If you want to testify, you take an oath to tell the truth. You're subject to cross-examination and that's how the jury in our system tries to determine the facts is through that process. So I'm not going to allow you to make an unsworn statement in front of the jury during the trial itself.

"But you have made your record on that issue."

Defendant declined to testify and was found guilty of all counts submitted to the jury.

On appeal, defendant argues that the trial court violated defendant's right to be heard under Article I, section 11, when it denied his request to make an unsworn statement to the jury during trial. Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]" The drafters of the Oregon Constitution included that text in the Bill of Rights. *State v. Douglas*, 292 Or 516, 527, 641 P2d 561 (1982) (Lent, J., specially concurring) (so stating). Defendant contends that, because criminal defendants were not allowed to testify in their own behalf when the Oregon Constitution was enacted, the framers intended that the right to be heard would entail the right to make an unsworn statement. *See id.* at 527-35 (Lent, J., specially concurring) (discussing the historical circumstances surrounding the adoption of the "right to be heard" provision). Defendant notes that criminal defendants have since gained the right to testify in their own behalf. *See* ORS 136.643 (statutory right to testify); *State v. Lotches*, 331 Or 455, 483 n 10, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001) ("[T]he right to testify on one's own behalf is guaranteed under Article I, section 11[.]"). However, defendant argues that that development in the law does not alter the framers' intent that a criminal defendant's constitutional right to be heard refers to the right to make an unsworn statement.

In support of his position, defendant relies primarily on the Oregon Supreme Court's decision in *State v. Rogers*, 330 Or 282, 4 P3d 1261 (2000). In that case, the Supreme Court considered the extent of a defendant's Article I, section 11, right to be heard in the context of a capital sentencing

proceeding. After considering the wording of the "right to be heard" provision, the historical circumstances that led to its creation, and the case law surrounding it, the court concluded that, in addition to the right to testify under oath, a defendant has the right, under Article I, section 11, to make an unsworn statement to the jury during the penalty phase of a capital proceeding. *Rogers*, 330 Or at 292, 296-300. The court then discussed the "parameters of that right," with respect to the procedural and substantive restrictions that the trial court in that case had imposed on the defendant's unsworn statement. *Id.* at 300-08. As noted, defendant argues that the right to make an unsworn statement is not limited to sentencing proceedings. He asserts that, because the right to be heard applies during the entire criminal proceeding, *DeAngelo*, 306 Or at 94, the right to make an unsworn statement, as recognized in *Rogers*, applies by analogy to the case-in-chief. We disagree.

Initially, we observe that the court in *Rogers* was not presented with the question whether a defendant, during the fact-finding phase of the prosecution, has the right to present his version of the facts to the jury through an unsworn statement, notwithstanding his right to testify under oath. Rather, the issue before the court in *Rogers* was the extent of a defendant's right to be heard during sentencing proceedings and its holding must be understood in that limited context. *See also State v. Rickard*, 225 Or App 488, 491, 201 P3d 927 (2009) (a defendant's Article I, section 11, right to be heard "by himself" vindicates "the right of allocution, by which the defendant may present mitigating circumstances to the sentencing court in the hope of receiving leniency"). Thus, we decline defendant's invitation to extend the court's holding in *Rogers* to the circumstances presented here. More importantly, the procedural restrictions to which all witnesses are subject—specifically, the requirements that they testify under oath, OEC 603, answer questions on cross-examination, ORS 136.643, and are subject to impeachment, OEC 607—do not prevent a defendant from fully exercising his Article I, section 11, right to be heard "by himself" during the trial itself. Rather, a defendant has the opportunity to present his version of the facts to the jury by testifying under oath. *See Lotches*, 331 Or at 483 n 10.

In view of those considerations, we reject defendant's contention that, under Article I, section 11, he had the right to present his version of the facts, unsworn, to the jury, during his case-in-chief.

The trial court did not err when it denied defendant's request to make an unsworn statement to the jury during trial.

Affirmed.