Argued and submitted May 29, 2019; remanded for resentencing, otherwise affirmed March 11; petition for review allowed in part May 28, 2020 (366 Or 491)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN RAY EGGLESTON,
*Defendant-Appellant.*

Lane County Circuit Court
16CR60704; A164893

462 P3d 314

Maurice K. Merten, Judge.

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Benjamin Gutman, Solicitor General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General.

Before Ortega, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant challenges his judgment of conviction for first-degree assault. After a jury found three aggravating factors, the trial court relied on all three to impose an upward durational departure sentence without distinguishing among the factors. In his eighth assignment of error, defendant argues that the trial court erred in imposing a departure sentence based on the third aggravating factor— that defendant committed the current crime "while another criminal matter was pending."[1] The state concedes that the evidence was insufficient for the court to find "substantial and compelling reasons" to depart on that factor. *See* ORS 137.671 (authorizing court to depart from a presumptive sentence if it finds "substantial and compelling reasons" to justify the departure); OAR 213-008-0001 (same). We agree and accept the state's concession.

Our case in *State v. Vaughan-France*, 279 Or App 305, 379 P3d 766, *rev den*, 360 Or 697 (2016) controls here. In that case, we accepted a state concession that the trial court had erred in imposing a departure sentence based on an active out-of-state arrest warrant. We explained that "the existence of an unserved arrest warrant, standing alone, is [not] a 'substantial and compelling reason' for un upward departure" because an arrest warrant is not an adjudication. *Id.* at 321-22. We further explained that, without some evidence that the defendant was aware of the pending arrest warrant, "it would not be accurate to state that [the] defendant engaged in any misconduct while aware that he was facing potential criminal liability." *Id.* at 322.

In this case, to prove the third aggravating factor, the state presented evidence that (1) six months before the incident in this case, a complaint was filed in the Eugene Municipal Court charging defendant with harassment; (2) one month *after* the incident date in this case, defendant had failed to appear at his scheduled court appearance on

---

[1] Defendant's first through fifth assignments of error are rejected without discussion. Additionally, defendant's sixth and seventh assignments of error, which challenge the trial court's instruction to the jury that it could reach a nonunanimous verdict and the trial court's entry of a judgment of conviction based on a nonunanimous jury verdict, are rejected without discussion.

the harassment charge; and (3) as a result of the failure to appear on the harassment charge, an arrest warrant issued on that same day. For the same reasons expressed in *Vaughan-France*, that evidence was insufficient for the court to find "substantial and compelling reasons" for an upward departure in this case. The filing of a criminal complaint is simply an allegation of wrongdoing. Further, because there was no evidence that defendant was aware of the pending harassment charge, the court could not infer that defendant had committed the crime in this case with knowledge that he had a pending criminal matter. As a result, we accept the state's concession that the trial court erred and remand for resentencing. *See State v. Gibson*, 183 Or App 25, 35, 51 P3d 619 (2002) (remanding for resentencing where court's factual findings were inadequate to determine which factors the court relied on in imposing a departure sentence).

Remanded for resentencing; otherwise affirmed.