No. 86     February 14, 2024     633

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KIRK CLARENCE MICKELS,
aka Kirk Clarence Michels,
Defendant-Appellant.

Multnomah County Circuit Court
22CR16963; A179717

Heidi H. Moawad, Judge.

Argued December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Conviction for felon in possession of a firearm with a firearm reversed and remanded for entry of a conviction for felon in possession of a firearm; remanded for resentencing.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of felon in possession of a firearm with a firearm (FIP-firearm). ORS 166.270; ORS 161.610(2). The crime of FIP-firearm, as adjudicated here, concerned the use of a firearm—a firearm enhancement under ORS 161.610(2)—while committing the underlying felony of felon in possession of a firearm. Defendant's use of the firearm involved his discharging it. He raises three assignments of error, asserting that the trial court erred when it (1) denied defendant's motion for judgment of acquittal (MJOA) as to FIP-firearm; (2) entered a conviction against defendant for FIP-firearm; and (3) imposed a sentence under ORS 161.610. Defendant's assignments reduce to one question: Does self-defense apply to the crime of FIP-firearm? Defendant contends that the trial court erred in ruling that self-defense did not apply. We agree with defendant that the trial court erred in making that ruling and in denying his MJOA and, therefore, reverse and remand for entry of a conviction for the lesser-included offense of felon in possession of a firearm and for resentencing.[1]

"When a trial court's denial of a defendant's motion for a judgment of acquittal depends on its interpretation of the statute defining the offense, we review the trial court's interpretation for legal error." *State v. Rodriguez*, 283 Or App 536, 540-41, 390 P3d 1104, *rev den*, 361 Or 543 (2017) (internal quotation marks omitted).

Defendant was charged by indictment of FIP-firearm and convicted after a stipulated facts trial. The underlying facts are not in dispute. The parties stipulated

"that throughout the day on April 10, 2022, in Multnomah County, Oregon, Kirk C. Mickels (Defendant), as to the possession of the firearm that preceded the use, without justification, knowingly possessed and exercised control over a firearm having previously been convicted of a felony offense on January 24, 2018, in Broward County, Florida. On April 10, 2022, Defendant, in addition to the possession of the firearm, also used the firearm during the course of

---

[1] Our disposition of the first assignment of error obviates the need to address the remaining two assignments of error.

the commission of the possession. The use of the firearm involved discharge of the firearm. The State cannot disprove that the use of the firearm was done in self-defense."

That is, defendant did not dispute that he was a felon in possession of a firearm; however, he claimed self-defense as to the *use* of the firearm—the "with a firearm" portion of the crime—and the state stipulated that it could not disprove self-defense.[2] The state argued to the trial court, in part, that ORS 161.610, referred to as "the firearm enhancement," is not a standalone offense—it does not create two crimes, but is an aggravating factor that can be pleaded and proved in an accusatory instrument. The state asserted that the reason that matters is that defenses apply to offenses, not to sentencing enhancements, and therefore self-defense did not apply here. The trial court agreed with the state. It stated that it "remain[ed] unconvinced that [ORS] 161.610 is creating a separate offense as a matter of law" and concluded that "justification defenses, like choice of evils and self-defense, [do not] apply to [ORS] 161.610."

On appeal, defendant argues that FIP-firearm is a crime, that self-defense applies to the crime of FIP-firearm, and because the state stipulated that it could not disprove that defendant acted in self-defense, there was legally insufficient evidence to sustain a conviction for FIP-firearm. The state contends that the trial court did not err, reprising arguments it made before the trial court.

ORS 161.190 provides that justification defenses "as defined in ORS 161.195 to 161.275," which includes

---

[2] ORS 161.205 provides, in part:

"The use of physical force upon another person that would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

"* * * * *

"(5) A person may use physical force upon another person in self-defense *** as hereafter prescribed in chapter 743, Oregon Laws 1971."

ORS 161.209 states, in part:

"[A] person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

self-defense, are a defense "[i]n any prosecution for an offense."[3] The "state has the burden of disproving the defense beyond a reasonable doubt." ORS 161.055(1).

We turn to the statute that provides for FIP-firearm. ORS 161.610 states, in part:

> "(2)   The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

> "(3)   * * * [I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

> "(4)   The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows: * * *."

The state argues that, by asserting that self-defense applies to ORS 161.610(2), defendant is inserting the word "unlawfully" into the statute—adding a requirement that the state prove that defendant *unlawfully* used or threatened use of the firearm. And, further, that it does not matter whether the use of the firearm was unlawful because the enhancement applies even if the use of the firearm is itself not unlawful; thus, according to the state, a justification defense has no effect and cannot negate the crime. Defendant contends that there is no logical connection between whether the word "unlawfully" appears in ORS 161.610(2) and the availability of justification defenses.

---

[3] The Oregon Criminal Code, chapter 743, Oregon Laws 1971, governs the "construction and application" of defenses in criminal prosecutions for crimes defined outside the criminal code, except when the legislature "expressly" provides otherwise or when "context requires otherwise." ORS 161.035(2). Accordingly, self-defense is available as a legal defense unless the legislature expressly provided an exception or if context requires an exception.

Defendant argues, in part, that there are many crimes that do not contain the word "unlawfully" in them and to which justification defenses apply, including menacing, ORS 163.190, and various assault crimes, ORS 163.160 (fourth-degree assault); ORS 163.165 (third-degree assault); ORS 163.175 (second-degree assault), ORS 163.185 (first-degree assault).

We are not persuaded by the state's argument. We agree with defendant that as a default rule, under ORS 161.190, all crimes are subject to justification defenses unless an exception applies. The legislature has not expressly provided an exception here and we are unaware of a reason that the context would require an exception. Further, as defendant notes, the availability of the defense of self-defense to FIP-firearm does not mean that the state would need to prove in all cases that the use or threatened use of a firearm was itself unlawful to obtain a conviction—only when a defendant validly raises a justification defense will the state be required to disprove the elements of the defense.

We also disagree with the state's contention that ORS 161.610(2) functions as a sentence enhancement factor and not as the basis for creating a new crime. A plain reading of subsection (2) of the statute is that the conduct at issue is an *element*—which suggests that "use or threatened use of a firearm" is an element of a new, aggravated crime. As contextual support for that understanding, subsections (3) and (4) also refer to a felony "having as an element the defendant's use or threatened use of a firearm." An additional indicator that the legislature intended the creation of an aggravated offense is the last sentence of subsection (2), which states that "[t]he unaggravated crime shall be considered a lesser included offense." When there is a lesser included offense, there would necessarily be a greater offense that pairs with it.

Although we have not previously addressed the specific question raised here, our case law aligns with the above plain-text reading of ORS 161.610(2). We have recognized that the "gun minimum is not a standalone 'offense'" and that a "defendant cannot be charged with violating ORS 161.610 on its own." *State v. Giron-Cortez*, 322 Or App 274, 282, 519

P3d 879 (2022), *rev allowed*, 370 Or 822 (2023). Under ORS 161.610(2), "[t]he proscribed conduct—use or threatened use of a firearm during the commission of a felony—is expressly designated an *element*. Adding it to an offense creates a new crime, the aggravated crime, which is separate from the 'unaggravated crime.'" *State v. Flores*, 259 Or App 141, 147, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014) (emphasis in original); *see also State v. Nunes*, 295 Or App 91, 102-04, 433 P3d 374 (2018), *rev den*, 364 Or 849 (2019) (comparing elements of unlawful use of a weapon with a firearm, ORS 166.220; ORS 161.610(2), with elements of felon in possession of a firearm as charged, ORS 166.270(1), for purposes of merger analysis).

Here, defendant was charged by indictment with one count of the crime of felon in possession of a firearm with a firearm. The indictment alleged that defendant, who was previously convicted of a felony,

> "did unlawfully and knowingly own, have in said defendant's possession, have under said defendant's custody and have under said defendant's control a firearm * * *.

> "The state further alleges that during the commission of this felony, the defendant(s) used and threatened the use of a firearm."

In turn, defendant raised the justification defense of self-defense as to the use of the firearm. Under ORS 161.610(2), the aggravated crime is FIP-firearm, and the unaggravated crime, the lesser included offense, is felon in possession of a firearm. The state stipulated that it cannot disprove, as we conclude that it was required to do, defendant's justification defense of self-defense; therefore, the use of the firearm was not criminal. *See* ORS 161.205 ("[t]he use of physical force upon another person that would otherwise constitute an offense is justifiable and not criminal"). As a result, defendant's MJOA on that offense should have been granted. However, given that defendant stipulated that he was a felon in possession of a firearm, it is proper to remand for entry of a judgment of conviction for that lesser-included offense and for resentencing.[4]

---

[4] At oral argument, defendant and the state agreed that if we reverse on the FIP-firearm conviction, we could remand for entry of a judgment of conviction for the lesser-included offense.

Conviction for felon in possession of a firearm with a firearm reversed and remanded for entry of a conviction for felon in possession of a firearm; remanded for resentencing.