92 December 24, 2025 No. 1122

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRIS ANTHONY BARATTA,
*Defendant-Appellant.*

Columbia County Circuit Court
22CR06351; A182912

Michael T. Clarke, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Convictions on Counts 2 and 3 reversed and remanded for entry of unaggravated convictions for first-degree burglary and first-degree robbery; remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment of conviction entered after he pleaded no contest to attempted second-degree murder with a firearm, first-degree burglary, and first-degree robbery, and the trial court entered convictions for attempted second-degree murder with a firearm (Count 1), first-degree burglary with a firearm (Count 2), and first-degree robbery with a firearm (Count 3). On appeal, defendant contends that the trial court plainly erred, first, by imposing an upward durational departure sentence on Count 2, and, second, by entering convictions for aggravated firearm offenses on Counts 2 and 3. Because we conclude that the trial court plainly erred when it entered convictions for aggravated firearm offenses, we reverse the convictions on Counts 2 and 3, remand with instructions to enter unaggravated convictions and for resentencing, and otherwise affirm.

The relevant facts are procedural. Defendant was charged with five felonies in connection with an armed home invasion, and in each of the charges the state alleged that "defendant used or threatened the use of a firearm." ORS 161.610(2). Defendant entered into a written plea agreement in which he pleaded no contest to attempted second-degree murder with a firearm with a presumptive sentence of 90 months, first-degree burglary with a presumptive sentence of 51 to 55 months, and first-degree robbery with a presumptive sentence of 100 months. In exchange for defendant's plea, the state agreed to recommend a total sentence of 14 years (168 months).

The trial court, in its colloquy with defendant, accepted his plea to attempted second-degree murder with a firearm as well as the unaggravated burglary and robbery offenses and indicated that it would follow the parties' agreement as to the sentence. Later, during sentencing, the trial court announced that it was entering convictions for those three counts, each "with a firearm." It imposed the agreed-upon sentence by running two 90-month sentences on Counts 1 and 3 partly consecutively. The trial court also sentenced defendant to 90 months on Count 2. Defendant did not object at the time the court announced those convictions

and sentences, and the written judgment contained "with a firearm" language for each count.

Defendant contends that the trial court plainly erred in entering convictions on Counts 2 and 3 for aggravated firearm offenses, when the written plea agreement unambiguously stated that defendant pleaded no contest to first-degree burglary and first-degree robbery, which are not aggravated offenses. To reach an unpreserved error as plain error, we must determine that the assigned error is one of law; obvious and not reasonably in dispute; and apparent on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Even if an error meets those criteria, and is not harmless, we must still choose to exercise our discretion to correct the error and explain our reason for doing so. *Id.* at 382; *State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) ("[A]n appellate court may not reverse a criminal defendant's conviction based on an error—whether preserved or unpreserved—that is harmless.").

We agree with defendant that the trial court plainly erred. When the state alleges that a crime was committed "with a firearm" under ORS 161.610(2), that is an "aggravated crime, which is separate from the unaggravated crime." *State v. Mickels*, 330 Or App 633, 638, 544 P3d 446 (2024) (internal quotation marks omitted); *State v. Hawkings*, 261 Or App 440, 450, 323 P3d 463, *rev den*, 335 Or 380 (2014) ("[W]hen the state alleges that a defendant 'used or threatened to use a firearm' in the commission of a felony, the alleged use or threatened use of the firearm becomes an element of a new aggravated crime that must be proved beyond a reasonable doubt."). The indictment alleged that defendant committed the aggravated crimes of first-degree robbery with a firearm and first-degree burglary with a firearm. The written plea petition memorializes defendant's no contest plea to the unaggravated offenses of first-degree robbery and first-degree burglary; those offenses are lesser-included offenses of the aggravated crimes that the state initially charged and the aggravated crimes that were ultimately entered in the judgment of conviction. *See* ORS 161.610(2). That discrepancy between the offenses to which defendant pleaded in his written plea petition and the

offenses ultimately memorialized in the judgment is "apparent on the record," such that we are not required to "choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013); *see State v. Heisser*, 350 Or 12, 25-26, 249 P3d 113 (2011) (The interpretation of the parties' agreement is controlled by the unambiguous meaning of a provision in a written plea agreement.).

We also conclude that the error is not harmless because it affects defendant's substantial right to entry of a judgment that "specif[ies] clearly the court's determination for each charge[,] *** recognizing a defendant's interest in having the criminal record correctly reflect the court's resolution of each charge that the state makes." *Hawkins*, 261 Or App at 454 (internal quotation marks omitted). Moreover, "convicting [a] defendant of a crime to which he did not plead guilty and of which a jury did not find him guilty violate[s] [a] defendant's due process rights." *State v. Gibson*, 183 Or App 25, 33, 51 P3d 619 (2002) (citing *Jackson v. Virginia*, 443 US 307, 314, 99 S Ct 2781, 61 L Ed 2d 560 (1979)). In arguing that this error is harmless, the state focuses on defendant's sentence and points out that the court did not impose a firearm-minimum sentence for those crimes but rather imposed a longer sentence that did not depend on a finding that defendant used a firearm. That argument misses the mark: any potential harm resulting from the error's impact on defendant's sentence is distinct from the harm to defendant's substantial rights resulting from the entry of erroneous convictions in the judgment. *Id.*

Finally, the interests of justice weigh in favor of exercising discretion to correct this error in order to protect defendant's constitutional right to due process. *Ailes*, 312 Or at 382 n 6 (factors bearing on whether we should exercise discretion to correct unpreserved error include the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case); *see Gibson,* 183 Or App at 32-33 (exercising discretion to reach unpreserved error in judgment that did not accurately reflect the defendant's plea to protect defendant's due process right).Accordingly, we reverse the convictions on Counts 2 and 3 and remand to the trial court for entry of

convictions for unaggravated offenses for those counts and for resentencing. We need not reach defendant's first assignment of error given that we are already requiring resentencing. However, because the issue is likely to arise again during resentencing, we observe that the trial court entered a sentence of 90 months on Count 2, which is inconsistent with the parties' stipulation to a guidelines grid block of 9D for this offense, corresponding to a presumptive sentence of 51-55 months. *See* ORS 135.407(3). The parties may address that issue with the trial court at resentencing.

Convictions on Counts 2 and 3 reversed and remanded for entry of unaggravated convictions for first-degree burglary and first-degree robbery; remanded for resentencing; otherwise affirmed.