Argued and submitted August 25, affirmed October 25, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## RUSSELL SHERMAN GILBERT,
*Appellant.*

(88CR-2205; CA A50849)

781 P2d 389

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

The issue in this appeal is whether ORS 161.610, the so called "gun minimum" statute, is applicable to the crime of ex-convict in possession of a firearm. We conclude that it is and affirm.

Defendant was charged with being an ex-convict in possession of a firearm. ORS 166.270(1).[1] In addition to setting forth the elements of that crime, the indictment alleged that, during the commission of that felony, defendant had threatened to use the firearm. After a stipulated facts trial, the trial court found defendant guilty and sentenced him to five years in prison. In addition, pursuant to ORS 161.610, the court imposed a five year minimum term, based on its finding that defendant had threatened the use of a firearm while committing the felony.

ORS 161.610, provides, in pertinent part:

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial *as an element in aggravation of the crime* as provided in this section. * * *

"(3) * * * [I]f a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. * * *

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, 5 years." (Emphasis supplied.)

Defendant argues that the statute is not applicable to the crime of being an ex-convict in possession of a firearm, because the use or threatened use of a firearm is not an element of that offense as it is defined. He relies on the language

---

[1] ORS 166.270(1) provides, in pertinent part:

"Any person who has been convicted of a felony under the laws of this state * * * who owns or has in the person's possession * * * any firearm * * * commits the crime of ex-convict in possession of a firearm."

of ORS 161.610(3), which provides that the court shall impose a minimum sentence if a defendant is convicted of a felony "having as an element the defendant's use or threatened use of a firearm during the commission of the crime."

Defendant misreads the statute. ORS 161.610(2) specifically provides that the use or threatened use of a firearm is "an *element in aggravation* of the crime." (Emphasis supplied.) Thus, the word "element," as used in ORS 161.610, refers to the circumstances surrounding the commission of the felony, not to its statutory definition. Accordingly, the statute applies to any felony charge where the use or threatened use of a firearm aggravates the offense committed. Because the state pleaded and proved that defendant threatened the use of a firearm while committing the felony of being an ex-convict in possession of a firearm, the trial court properly imposed a minimum sentence.

Defendant also argues that the statute does not apply because it applies only to crimes where use or threatened use of a firearm actually facilitates or furthers the underlying crime. We disagree. Nothing in the language of ORS 161.610 requires that the use or threatened use of a firearm be in furtherance of the felony charged before a minimum sentence can be imposed.

Affirmed.