Argued and submitted April 11, affirmed October 5, 2022, petition for review allowed March 9, 2023 (370 Or 822)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENNIS GIRON-CORTEZ,
*Defendant-Appellant.*

Marion County Circuit Court
19CR58813, 14C41397, 17CR58804;
A173814 (Control), A173815, A173813

519 P3d 879

Defendant appeals from a judgment of conviction for third-degree assault with a firearm, ORS 163.165 and ORS 161.610. He argues that the state failed to present sufficient evidence that he acted recklessly, "under circumstances manifesting extreme indifference to the value of human life," as required under ORS 163.165(1)(c). He also argues that the trial court erred when it concluded that the "use or threatened use of a firearm" element of the gun-minimum statute, ORS 161.610, did not require a culpable mental state, and when the court found that the state had presented sufficient evidence that defendant had "used" a gun. *Held*: The trial court did not err. Evidence in the record demonstrated that a factfinder could reasonably have concluded that defendant's actions in holding and waving a loaded gun in a crowded bar demonstrated extreme indifference to the value of human life. As to the gun-minimum statute, ORS 161.610 does require that the state prove a culpable mental state. That mental state will depend on the underlying charge to which ORS 161.610 is attached. Here, the underlying charge required a mental state of reckless, and the state introduced legally sufficient evidence to prove that mental state.

Affirmed.

Lindsay R. Partridge, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant was convicted of third-degree assault with a firearm, ORS 163.165 and ORS 161.610, after defendant fired a gun in a crowded bar and the bullet struck defendant's cousin after passing through defendant's leg. On appeal from the judgment of conviction he raises three assignments of error. In his first assignment of error, defendant argues that the state failed to present sufficient evidence that he acted recklessly with "extreme indifference to the value of human life," as required to convict him of third-degree assault under ORS 163.165(1)(c). In his second assignment of error, defendant argues that the state failed to present sufficient evidence that he "used" a firearm as required by the gun-minimum statute, ORS 161.610. In his third assignment of error, defendant argues that the trial court was required to apply a "knowing" mental state under ORS 161.610. In response to defendant's third assignment of error, the state argues that it was not required to satisfy any mental state for ORS 161.610 to apply.

For the following reasons we conclude that the trial court did not err when it denied defendant's motions for judgment of acquittal. Further, we conclude that the gun-minimum statute, ORS 161.610, does require a mental state. However, we reject defendant's argument that the mental state is "knowingly." Because ORS 161.610 functions as an element of a separately charged offense, the mental state required is that of the underlying offense to which the gun minimum is charged. Here, the required mental state was reckless, and the state presented legally sufficient evidence to satisfy that mental state. Accordingly, we affirm.

We state the facts relevant to defendant's motions for judgment of acquittal in the light most favorable to the state. *State v. Downing*, 276 Or App 68, 70, 366 P3d 1171 (2016).

On the night of the charged assault, surveillance footage from a bar in Woodburn showed defendant seated with two other men at a high-top table. Another man stood next to defendant's angled chair, conversing with him. Defendant sat facing most of the other 20 or so patrons in the bar, and a handful were seated to the left of defendant.

Defendant spoke animatedly with the men around his table, gesturing frequently with his hands. During the conversation, defendant appeared to mime the rapid firing of a gun with his hands. About 30 seconds later, defendant lifted up his shirt and removed a handgun from his waistband, which appeared to be elastic. He held the gun in his right hand, parallel to the floor, with his thumb on one side of the handle and the rest of his fingers supporting the gun. The gun's barrel was pointing toward the victim while defendant showed the gun to the man standing next to him. As defendant brought the gun back toward his waist band, he held the gun with both hands, and the gun discharged. Defendant quickly put the gun back in his waistband.

Police later determined that the bullet had entered defendant's left leg, ricocheted off of his thigh bone, and went through the victim's foot.

Defendant was charged with one count of felon in possession of a firearm, ORS 166.270 and ORS 161.610, one count of third-degree assault, ORS 163.165 and ORS 161.610, and 10 counts of recklessly endangering another person, ORS 163.195.

At the conclusion of the state's case, which largely consisted of the bar's surveillance footage, defendant moved for a judgment of acquittal on the third-degree assault charge and the associated gun-minimum element. Defendant conceded that there was sufficient evidence that his conduct was reckless, but he argued that the evidence was insufficient to demonstrate that defendant's handling of the gun manifested the "extreme indifference" element of third-degree assault.

Defendant also argued that the state presented insufficient evidence to satisfy the gun-minimum element, which requires that defendant use or threaten to use a firearm during a felony. Defendant argued that the "use" of a firearm was an element that required the state to prove that defendant had acted "knowingly," and that the state had failed to do so.

The trial court denied defendant's motions for judgment of acquittal and determined that the state did not

have to prove that defendant knowingly fired the gun to satisfy the gun minimum. Instead, the trial court evaluated the gun minimum in "the context of the [c]ount" with which it was charged. The trial court concluded that defendant discharged the gun recklessly, and, because third-degree assault required a reckless state of mind, that that state of mind applied to the gun minimum as well.

Ultimately, the court convicted defendant of all charges except for two of the counts of recklessly endangering another person.

On appeal, defendant renews his arguments from below. He challenges the trial court's denial of his motions for judgment of acquittal, arguing that there was insufficient evidence to satisfy the "extreme indifference" element of third-degree assault or the "use" of a firearm requirement of the gun-minimum element. He also argues that the trial court erred in applying the gun minimum at all, contending that the gun minimum always requires proof of a "knowing" mental state.

We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a factfinder could have found that the essential elements of the offense were proved beyond a reasonable doubt. *State v. Alexander*, 273 Or App 659, 662, 359 P3d 516, *rev den*, 358 Or 449 (2015).

Defendant's first assignment of error focuses on the "extreme indifference" element of third-degree assault. A defendant commits third-degree assault as alleged here if he "[r]ecklessly causes physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life." ORS 163.165(1)(c). "Extreme indifference" is not defined by statute, but our "case law has made clear that it refers to a state of mind where an individual cares little about the risk of death of a human being." *State v. Forrester*, 203 Or App 151, 156, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006) (internal quotation marks omitted). A defendant's extreme indifference "may be inferred from his conduct at the time of the event." *State v. Boone*, 294 Or 630, 634, 661 P2d 917 (1983).

Here, defendant argues that his conduct was, at most, reckless. At oral argument before this court, defendant argued that he only held the gun in his palm before pointing it safely toward the ground and that defendant's finger was only possibly near the trigger at the time the gun discharged and was blocked from view by the table.

After review of the record in this case, including surveillance of the incident from two different angles, we reject defendant's characterization of his handling of the gun as the only possible conclusion to be drawn from the evidence. A factfinder could reasonably conclude that defendant's fingers were near the trigger of a loaded gun as he brought the gun above the table and moved the gun around so that it pointed at multiple people. That is legally sufficient to establish extreme indifference to the value of human life. The trial court did not err in determining that defendant committed third-degree assault.

In defendant's combined arguments for his second and third assignments of error, he argues that the trial court erred when it concluded that the "use or threatened use of a firearm" element of the gun minimum did not require a culpable mental state and when it found that the state had presented sufficient evidence that defendant had used a gun. Defendant argues that the state was required to prove that he "knowingly" used a gun. The state argues, in response, that the gun minimum falls outside of the Oregon Criminal Code (OCC) and that the gun minimum as contained in ORS 161.610 clearly indicates a legislative intent to dispose with any culpable mental state at all. Neither position is correct. Instead, as we explain below, ORS 161.610 does require that the state prove a culpable mental state. The mental state in any given case will depend on the underlying charge to which ORS 161.610 is attached. Here, the underlying charge had a mental state of reckless, and the state introduced legally sufficient evidence to prove that mental state.

We first address defendant's contention that the trial court "concluded that 'use or threatened use of a firearm' does not require a culpable mental state." After review of the record, we agree that the trial court expressly

declined to apply a knowing mental state to the "use ***
of a gun" element in the gun-minimum statute, but we dis-
agree that the trial court concluded *no* culpable mental
state applied to that element. When explaining its ruling,
the trial court clarified that it looked at the gun minimum
"in the context of the [c]ount that it's charged with." In the
context of the third-degree assault charge, the trial court
recognized that the required mental state was "reckless." In
its oral verdict, the trial court found that the gun-minimum
element was satisfied as to the third-degree assault charge
because "clearly *** the discharge of that weapon was done
recklessly." Therefore, we undertake our review of the trial
court's alleged error with the understanding that the trial
court concluded both that a mental state of reckless applied
to the gun-minimum element in this case and that the state
had satisfied that mental state.

The question of which culpable mental state applies
to the "use or threatened use of a firearm" element of ORS
161.610 presents a question of statutory interpretation that
we resolve by employing the analysis as set out in *PGE v.
Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143
(1993), and *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009).
*State v. Carlisle*, 370 Or 137, 141, 515 P3d 867 (2022). Within
that framework, we examine the text and context of the par-
ticular provision at issue and consider any useful legislative
history in an ultimate effort to construe the statute to effec-
tuate the intent of the legislature. *Id.*; *State v. Prophet*, 318
Or App 330, 344, 507 P3d 735 (2022).

As relevant to defendant's third-degree assault con-
viction, the gun-minimum statute provides:

"The use or threatened use of a firearm, whether opera-
ble or inoperable, by a defendant during the commission of
a felony may be pleaded in the accusatory instrument and
proved at trial *as an element* in aggravation of the crime as
provided in this section. When a crime is so pleaded, the
aggravated nature of the crime may be indicated by adding
the words 'with a firearm' to the title of the offense. The
unaggravated crime shall be considered a lesser included
offense."

ORS 161.610(2) (emphasis added).

The culpability statutes, ORS 161.085 to 161.115, provide a uniform statutory scheme to determine which culpable mental states apply to elements of an offense. *State v. Owen*, 369 Or 288, 295-96, 505 P3d 953 (2022). Under those statutes, the state must prove that the defendant "acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." ORS 161.095(2). That requirement generally applies to all criminal offenses defined by a statute in the Oregon Criminal Code. *See generally* ORS 161.005 (setting forth a series of specific statutory provisions considered a part of the OCC).

There is an exception to the mental state requirement for some statutes outside of the defined parameters of the OCC. That exception provides:

"(1)   Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b)   An *offense* defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

ORS 161.105(1)(b) (emphasis added).

Both defendant and the state premise their arguments on the assumption that, because the gun minimum contained in ORS 161.610 is not expressly listed in ORS 161.005, that exception in ORS 161.105(1)(b) governs our analysis of the gun minimum's required mental state. A statute's numbering, however, is not always determinative where the legislature has otherwise indicated whether a statute should be considered a part of the OCC. *See State v. Ruggles*, 238 Or App 86, 90, 242 P3d 643 (2010), *rev den*, 349 Or 601 (2011) (concluding that the numbering of a statute appearing to be a part of the OCC was "illusory" where other statutory language indicated the statute was intended to be *outside* of the OCC).

The exception in ORS 161.105(1)(b) applies to "[a]n offense * * * outside [of] the [OCC]." The criminal code defines "offense" as "conduct for which a sentence to a term of

imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state." ORS 161.505.

The gun minimum is not a standalone "offense." A defendant cannot be charged with violating ORS 161.610 on its own. Nor is there a sentence attached to violating ORS 161.610 on its own. Instead, ORS 161.610 ensures that a minimum sentence is served for underlying felonies where the defendant either used or threatened to use a firearm. *State v. Harris*, 174 Or App 105, 111, 25 P3d 404 (2001). We have previously examined the nature of the gun-minimum statute and explained that the proscribed conduct in the statute—"use or threatened use of a firearm *** during commission of a felony"—"is expressly designated an *element*" by the language of the gun minimum itself. *State v. Flores*, 259 Or App 141, 147, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014). The gun minimum is therefore not an "offense" outside of the OCC, but a statute that "in effect creates a new crime" by adding an element to any existing felony. *State v. Wedge*, 293 Or 598, 608, 652 P2d 773 (1982).

We therefore analyze the culpable mental state applicable to the gun minimum in the only context in which the statute operates, as an element of a charged felony that the state must prove beyond a reasonable doubt. Here, defendant challenges the gun minimum as an element of his conviction for third-degree assault, which provides that a defendant commits the offense when he:

> "Recklessly causes physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

ORS 163.165(1)(c). The gun minimum requiring that the state prove defendant "use[d] or threatened use of a firearm" then becomes an additional element, creating an aggravated version of that offense. ORS 161.610(2).

When analyzing which culpable mental state applies to an element, we use the statutory guidelines as a useful first step. The default rules provided by the legislature "differ depending on whether a criminal statute contains an explicit mental state, governed by ORS 161.115(1),

or not, governed by ORS 161.115(2)." *Prophet*, 318 Or App at 335. If the statute defining an offense contains a mental state but does not specify the element to which it applies, that mental state "applies to each material element of the offense." ORS 161.115(1); *State v. Simonov*, 358 Or 531, 538, 368 P3d 11 (2016).

Here, the "new crime" created by aggravating third-degree assault with the gun minimum contains the reckless mental state. Third-degree assault as set forth in ORS 163.165(1)(c) does not specify which elements the reckless mental state applies to, so, applying ORS 161.115(1), we conclude that it applies to every material element in the offense, including the element of the gun minimum requiring that defendant "use" a firearm.[1]

That conclusion is consistent with other evidence of legislative intent. The plain text of the gun-minimum statute provides that the use of a firearm can be used in aggravation of "a felony." ORS 161.610(2). Accordingly, the statute applies to *any felony* charge where the use or threatened use of a firearm aggravates the offense committed. *State v. Gilbert*, 99 Or App 116, 119, 781 P2d 389 (1989). By tying the mental state required for the gun-minimum element to the mental state required for the underlying felony, the plain text of the statute is fulfilled.

By arguing that the state must prove the gun-minimum element was committed with a knowing mental state, defendant would require that the state prove a higher mental culpability for a single element in instances when the gun minimum is applied to a felony with a lower mental culpability requirement—such as the reckless mental culpability required for third-degree assault. That would be inconsistent with the plain language of the gun-minimum statute, which does not restrict the minimum's application to felonies of a specific level of culpability. Concluding that the gun minimum was essentially applicable only to felonies

---

[1] Because the offense at issue contains a mental state, we do not address defendant's argument that the "use" of a firearm should be considered a "conduct" element rather than a "circumstance" element. That distinction in classification is used as an additional tool to determine the legislature's intended culpable mental state where the statute does not otherwise provide a mental state. ORS 161.115(2); *Simonov*, 358 Or at 540.

of a knowing mental state or greater would require us to insert a requirement that is not present in the statutory text. *See* ORS 174.010 (explaining that we cannot "insert what has been omitted" from the text of a statute).

When previously examining the purpose of the gun minimum, we have determined that "[t]he legislative purpose is clearly to provide for a mandatory minimum prison term whenever a firearm is used, or its use threatened, during the commission of a felony." *State v. Warner*, 52 Or App 987, 992, 630 P2d 385, *rev den*, 291 Or 662 (1981). More broadly, the purpose of the mandatory minimum is "to protect society." *Id.* at 995.

> "The statute recognizes that a person who uses or threatens to use a firearm during the commission of a crime is a more dangerous individual than a person who does not. The intent of the law is to insure that society is insulated from such persons, at least for a certain period of time."

*Id.*

The statute recognizes that felonies committed with a firearm are inherently more dangerous than felonies committed without a firearm. A firearm is a deadly weapon whether or not it is fired "recklessly" or "knowingly." A person who recklessly shoots someone during the commission of a felony causes the same harm and outcome as someone who intentionally pulls the trigger. We have not been presented with any evidence that the legislature intended to apply the gun minimum differently to those who are careless enough with a deadly weapon to shoot someone accidentally.

Here, the state presented sufficient evidence for a factfinder to conclude that defendant committed third-degree assault and recklessly used a firearm. Accordingly, the trial court did not err in denying defendant's motions for judgment of acquittal or in applying the gun minimum to that charge. We affirm.

Affirmed.